**KROGH & DECKER, LLP**
DEREK C. DECKER, SBN 232243
    *derekdecker@kroghdecker.com*
ÇAĞIL AREL, SBN 333564
    *cagilarel@kroghecker.com*
555 Capitol Mall, Suite 700
Sacramento, California 95814
Telephone: 916.498.9000
Facsimile: 916.498.9005

Attorneys for Plaintiffs
PINNACLE EMPLOYEE SERVICES, Inc.
MICHAEL ALLEN

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pinnacle Employee Services, Inc., a California Corporation; Michael Allen, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>Pinnacle Holding Company, LLC, a Delaware Limited Liability Company,<br><br>    Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**(1) Federal Trademark Infringement 15 U.S.C. §1114;**<br><br>**(2) Federal Unfair Competition and False Designation of Origin 15 U.S.C. §1125(a);**<br><br>**(3) Violation of Anti-Cybersquatting Consumer Protection Act 15 U.S.C. §1125(d)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs PINNACLE EMPLOYEE SERVICES, INC., and MICHAEL ALLEN (collectively "Pinnacle"), by and through counsel, hereby bring the present action against Defendant PINNACLE HOLDING COMPANY, LLC ("Defendant") and allege, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**Preliminary Statement**

1. This is an action for trademark infringement under Section 32 (1) of the Lanham Act, 15 U.S.C., Section 1114; unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a); and violation of the

Anti-Cybersquatting Consumer Protection Act under 15 U.S.C. Section 1125 against Defendant to protect the rights and substantial goodwill of Pinnacle's federally-registered trademark PINNACLE EMPLOYEE SERVICES.

2. Pinnacle's trademark PINNACLE EMPLOYEE SERVICES (the "Pinnacle Trademark") is on the principal register of the United States Patent and Trademark Office in connection with Pinnacle's business of offering employee benefits, human resources assistance, and payroll preparation services. The Pinnacle Trademark has a registration that is valid, subsisting, and has never been canceled.

3. Despite Pinnacle's established rights, Defendant adopted and continues to make use of the Pinnacle Trademark in a manner that is identical and confusingly similar, specifically in offering the same class of goods and services as Pinnacle and using the Pinnacle Trademark in a domain name without Pinnacle's authorization.

4. By exploiting Pinnacle's rights and creating customer confusion, Defendant has acquired and continues to gain unfair income, profits, and goodwill. These actions have harmed Pinnacle and still continue to cause irreparable injury to Pinnacle in both the goodwill of business and reputation.

5. Pinnacle is seeking damages for the injuries Defendant caused; an injunction to enjoin Defendant from further violating and exploiting Pinnacle's intellectual property rights; and other relief as deemed appropriated by this Court.

**Jurisdiction And Venue**

6. This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1332(a), and 1338(a). The Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because plaintiff Pinnacle Employee Services Inc. is a citizen of the state of California, plaintiff Michael Allen is a citizen of the state of California, while defendant Pinnacle Holding Company, LLC is a citizen of the state of Delaware, and the amount in controversy exceeds $75,000.

7. This Court has personal jurisdiction over Defendant because Defendant

does sufficient business in California and this judicial district by directly targeting its business activities towards consumers in the United States and California citizens through direct customer relationships and contracts, solicitation for business opportunities, and at least one, fully interactive website and a smartphone application.

8. Specifically, Defendant provides detailed and personalized services in the United States and California by managing its customers' businesses and employees directly from the customer's work site and by assuming its customers' contractual and legal rights and responsibilities under the laws of the state where the customer's business is located.

9. By conducting business in the State of California, Defendant purposefully avails itself to California laws through continuous and systemic contacts, or otherwise intentionally makes its services available in California, so as to render jurisdiction over itself by this Court consistent with traditional notions of fair play and substantial justice.

10. Upon information and belief, Defendant remains in direct contact with customers located in California. Defendant has and continues to commit tortious acts in California, is engaging in interstate commerce, and has wrongfully caused Pinnacle substantial injury in the State of California.

11. Venue in this judicial district is proper under 28 U.S.C. §§1391(b) and (c), and 1400(a), in that a substantial part of the events giving rise to Pinnacle's claims occurred in this judicial district. The services at issue are available for sale in this district and therefore Defendant resides and may be found in this judicial district within the meaning of 28 U.S.C. § 1391(c).

**Parties**

12. Plaintiff Pinnacle Employee Services, Inc., a corporation formed under the laws of California, and Plaintiff Michael Allen serves as its chief corporate officer and president. Plaintiffs (collectively "Pinnacle") are one of the leaders in the employee benefits industry in Northern California, and provide payroll services and human resources support to many business owners. Pinnacle is the registered owner of the

Pinnacle Trademark.

13. Upon information and belief, Defendant Pinnacle Holding Company, LLC is a limited liability company formed under the laws of Delaware and uses the Pinnacle Trademark in its entirety; "Pinnacle Employee Services" in connection with its business of providing employee benefits and payroll services.

14. Defendant belongs to an unknown makeup of family companies who own and/or operate at least one employee benefits services entity. Pinnacle is informed and believes and based thereon alleges that Defendant operates one or more business entities to provide the same and/or substantially similar services under the Pinnacle Trademark. Defendant's method of interconnecting their company networks makes it impossible for Pinnacle to discover Defendant's true identities and the exact operations. In the event that Defendant provides additional credible information regarding their identities, Pinnacle will take appropriate steps to amend the Complaint.

## Allegations Common to All Claims for Relief

### The Pinnacle Trademark

15. Plaintiff Michael Allen ("Allen") is the owner and registrant of the valid and subsisting United States trademark, the Pinnacle Trademark, consisting of the phrase "PINNACLE EMPLOYEE SERVICES", Registration No. 6,696,685 on Principal Register in the United States Patent and Trademark Office ("USPTO,") under which it provides human resources consultation, and payroll and employee benefits preparation. Attached as **Exhibit 1** is a true and correct copy of the registration certificate for the Pinnacle Trademark, as issued by the United States Patent and Trademark Office.

16. Plaintiff Pinnacle Employee Services, Inc. was assigned the Pinnacle Trademark by Plaintiff Allen on or around April 12, 2022; the assignment is recorded with the United States Patent and Trademark Office, a true and correct copy of which is attached herein as **Exhibit 2**.

17. The U.S. registration for the Pinnacle Trademark by Pinnacle, with its registration certificate shown in **Exhibit 1**, is valid, subsisting, in full force and effect. The

registration for the Pinnacle Trademark constitutes prima facie evidence of its validity and of Pinnacle's exclusive right to use the Pinnacle Trademark pursuant to 15 U.S.C. § 1057(b).

18. Pinnacle has used the Pinnacle Trademark in commerce continuously since the date of September 1, 2013, in connection with the offering, marketing, advertising, and promotion of comprehensive and cost-effective human resources assistance and consultation, payroll, and benefits services to small and medium-sized businesses. As a result of this long-standing use, strong common law trademark rights have amassed in the Pinnacle Trademark. Pinnacle's use of the mark has also built substantial goodwill in and to the Pinnacle Trademark, which has made the Pinnacle Trademark a valuable asset of Pinnacle. Pinnacle uses the Pinnacle Trademark in advertising and promoting its business on online platforms. Attached hereto as **Exhibit 3** is a representative sample of the Pinnacle Trademark, showing Pinnacle's use of the Pinnacle Trademark in connection with employee benefits services.

19. Pinnacle has invested significant time, energy, and money in advertising, promoting and selling services featuring the Pinnacle Trademark, as well as ensuring the high quality of services offered under the Pinnacle Trademark. Pinnacle has provided its comprehensive employee benefits services over the years to minimize the administrative burden on business owners across the entire spectrum of the matters of payroll, tax, human resources support, and benefits, and also to assist businesses with increased compliance requirements resulting from the rapidly evolving legislation. The intuitive and modern approach of Pinnacle has made Pinnacle a commercial success within the employee benefits industry. The goodwill associated with Pinnacle's brand and the Pinnacle Trademark is of incalculable and inestimable value to Pinnacle.

**Defendant's Unlawful Conduct and Infringement of the Pinnacle Trademark**

20. Pinnacle's modern approach and success in assisting businesses with their employees have resulted in significant popularity. Due to the administrative and documentary nature of employee management, most of the services sold, specifically

the services pertaining to payroll, are typically provided through online platforms. As a result, Pinnacle regularly investigates suspicious internet activity to protect the Pinnacle Trademark and the goodwill of Pinnacle's business.

21. Specifically, Pinnacle has identified Defendant as a fully interactive, e-commerce service provider, offering the exact same employee benefits, payroll, and human resources assistance related services on online platforms under the Pinnacle Trademark and using a domain name that is identical and therefore confusingly similar to the exact makeup of the Pinnacle Trademark.

22. Pinnacle discovered the unauthorized use of Defendant's use of Pinnacle's Pinnacle Trademark within the content, text, and/or meta tags of its internet platforms to attract various search engines online relevant to consumer searches for employee and payroll management.

23. Defendant has never been authorized by Pinnacle to use the Pinnacle Trademark, or designation, or any imitation thereof, in any way.

**Defendant's Use of the Domain Name**

24. Defendant facilitates the sales of its services by using the Pinnacle Trademark and the domain name "PinnacleEmployeeServices.com" (the "Domain Name" or the "Infringing Domain Name"), which is confusingly similar and entirely identical to the Pinnacle Trademark. Defendant advertises and offers Defendant's services using the Pinnacle Trademark on the Domain Name without authorization, a sample of which is attached hereto as **Exhibit 4**.

25. Defendant's business and the Domain Name appear to unknowing customers to be authorized providers of the employee benefits services offered by Pinnacle. The internet website operated under the Domain Name by Defendant appears sophisticated and accepts customer contact and sign-up, and upon information and belief, the option to tender direct payment to provide such services within the website. Further, Defendant operates a smartphone application, visible nationwide, which is advertised by Defendant as providing direct access to Defendant and its services from

the customer's physical location.

26. Although the WHOIS record does not disclose the identity of the Domain Name registrant, Pinnacle was able to identify Defendant as the party in control of the Domain Name by the information available on the websites used by Defendant and/or its affiliates.

27. Pinnacle has notified Defendant of Defendant's infringement and unlawful use of the Pinnacle Trademark and the Domain Name on numerous occasions. Defendant refused to settle the matter amicably and since then, has continued to make use of Pinnacle's registered federal trademark, and continues to do so.

28. The acts of Defendant constitute a willful infringement of the registered Pinnacle Trademark in violation of 15 U.S.C. § 1114, constitute an infringement of Pinnacle's trademark, and constitute a violation of the federal trademark laws.

29. Pinnacle's rights precede Defendant's any claim over the Pinnacle Trademark in priority of both registration and use. Pinnacle owns a valid and active federal registration for the Pinnacle Trademark. Defendant does not. However, Defendant concurrently employs and benefits from the Pinnacle Trademark, and even uses the complete and identical terms contained in the Pinnacle Trademark, PINNACLE EMPLOYEE SERVICES, to provide services virtually identical to those already being provided by Pinnacle under the Pinnacle Trademark.

30. Despite Pinnacle's enforcement of its federal trademark, Defendant's operations provide goods and/or services that are directly related and encompass the same services provided by Pinnacle. Defendant's operations use the same method of providing direct access to payroll on-site of the customer, the same personalized-to-customer benefits services, the same methods of an online portal for payment and account information, the same compliance assistance, and most importantly, the same wording of the Pinnacle Trademark. The relatedness of Defendant's operations to the services offered by Pinnacle suggests to the public that the services are offered by and

come from a common source –a conclusion which is incorrect and harmful to Pinnacle's business and goodwill of the Pinnacle Trademark.

31. Defendant's unauthorized use of the Pinnacle Trademark in connection with the advertising, promotion, offering, and performing of employee benefits services in the United States, including California, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Pinnacle.

## COUNT I

## Federal Trademark Infringement (15 U.S.C. §1114)

32. Pinnacle hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

33. This is a trademark infringement action against Defendant based on their unauthorized use in commerce of the federally registered Pinnacle Trademark in connection with the sale of the same type of services offered by Pinnacle.

34. Defendant has sold, offered to sell, marketed, advertised, and is still selling, offering to sell, marketing, and advertising employee benefits and payroll services using Pinnacle's Pinnacle Trademark without Pinnacle's permission.

35. Pinnacle is the exclusive owner of the Pinnacle Trademark. Pinnacle's United States Registration for the Pinnacle Trademark is in full force and effect.

36. Defendant has knowledge of Pinnacle's rights in the Pinnacle Trademark, and is willfully infringing and intentionally using the Pinnacle Trademark to offer the same class of services as Pinnacle. Defendant's willful, intentional and unauthorized use of the Pinnacle Trademark Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin of the services provided by Pinnacle among the general public and further enables Defendant to re-direct the stream of commerce to its own business by the unlawful use of the Pinnacle Trademark. These actions have caused and continue to cause injury to Pinnacle.

37. Defendant's use of the Pinnacle Trademark to offer confusingly similar services represents Defendant's services as emanating from or being authorized by

Pinnacle and places beyond Pinnacle's control the quality of services bearing the Pinnacle Trademark.

38. At all relevant times, Defendant had actual and direct knowledge of Pinnacle's ownership and registration of the Pinnacle Trademark. Defendant's conduct is therefore willful and reflects Defendant's intent to exploit the goodwill and brand recognition associated with the Pinnacle Trademark.

39. Defendant's activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

40. As a result of Defendant's wrongful conduct, Pinnacle has suffered, and will continue to suffer, substantial damages. Under 15 U.S.C. § 117(a), Pinnacle is entitled to recover its damages, which include the profits incurred by Defendant as a result of the wrongful use of the Pinnacle Trademark.

41. Defendant's conduct entitles Pinnacle to injunctive relief under 15 U.S.C. § 116(a). Pinnacle's remedy at law is not adequate as Defendant's infringement of Pinnacle's federally protected trademark constitutes harm to Pinnacle such that Pinnacle cannot recover in full by a monetary award alone –if Defendant's unauthorized use of the Pinnacle Trademark were to persist, it would cause further confusion to the general public as to the source, origin, or authenticity of the infringing services. Defendant's wrongful conduct, and the resulting damage to Pinnacle still continue on this date.

42. Pinnacle is further entitled to recover its attorneys' fees and costs of suit under 15 U.S.C. § 1117.

**COUNT II**

**Federal Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a))**

43. Pinnacle hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

44. Defendant's foregoing wrongful acts constitute unfair competition in violation of 15 U.S.C. § 1125(a). Defendant's use of the confusingly similar Pinnacle name

has caused and is likely to cause, a likelihood of confusion, deception, and mistake by creating the false and misleading impression that Defendant's services are provided by Pinnacle, that Defendant is affiliated to Pinnacle, and/or that Defendant has authorization by Pinnacle.

45. By using the Pinnacle Trademark in connection with its employee benefits services, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the employee benefits services offered by Defendant under Pinnacle's Mark with intentional, willful and malicious intent.

46. Defendant's false designation of origin and misrepresentation of fact as to the origin of services to the general public involves the use of federally registered Pinnacle's Mark and therefore, is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

47. Defendant's conduct has caused and is likely to continue causing, substantial injury to Pinnacle. Pinnacle is entitled to injunctive relief and to recover Defendant's profits, actual damages, and reasonable attorneys' fees under 15 U.S.C. §§ l 125(a) and 1117.

### COUNT III

**Violation of Anti-Cybersquatting Consumer Protection Act (15 U.S.C. §1125(d))**

48. Pinnacle hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

49. Upon information and belief, Defendant has registered, trafficked in, and used the Domain Name with the registrar Network Solutions, LLC. The Domain Name consists entirely of the Pinnacle Trademark word by word, and therefore, it is identical to Pinnacle's federally registered intellectual property.

50. Without Pinnacle's authorization and, upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in the Pinnacle, Defendant operated a live website at the Domain Name, which remains active as of the filing of this Complaint. Attached hereto as **Exhibit 4** is the true and correct screenshot of the website



Defendant maintains at the Domain Name as of July 31, 2022.

51. Defendant has engaged in such actions with a bad faith intent to profit from the Pinnacle Trademark. Such bad faith is demonstrated, in part, by the fact that, prior to Pinnacle filing this action, Pinnacle informed Defendant that the Domain Name consists entirely of Pinnacle's registered trademark and that Defendant was not permitted to use the Pinnacle Trademark in any manner. Defendant did not cease using the Domain Name. At present, the Domain Name points to Defendant's website that makes unlawful use of the Pinnacle Trademark, and provides services that are competitive with Pinnacle's services in connection with the Pinnacle Trademark.

52. Upon information and belief, Defendant has no rights in or to any trademark or phrase contained in the Domain Name, and had no legitimate purpose for the continued use of the Domain Name.

53. The Infringing Domain Name was confusingly similar, if not identical, to Pinnacle Trademark at the time Defendant registered the domain name, and it remains so today.

54. The Infringing Domain Name does not resolve to any website or websites owned by Pinnacle. Rather, it resolves to a website or websites controlled by Defendant, who profits from its use.

55. Defendant did not believe and could not reasonably believe its use of the Infringing Domain Name constituted or constitutes fair use or was or is otherwise lawful.

56. Because the Infringing Domain Name is confusingly similar and identical to the Pinnacle Trademark, and the website Defendant operates at the Infringing Domain Name provides, promotes, and depicts goods and services that are identical and related to Pinnacle's services under the Pinnacle Trademark, consumers are likely to be confused into thinking that Pinnacle authorized, approved, or is affiliated or connected with Defendant's website and the services offered on the Infringing Domain Name, when that is not the case.

57. Upon information and belief, a significant amount of internet traffic

pursuant to a search of the Pinnacle Trademark "Pinnacle Employee Services" is directed to Defendant, enabling Defendant to profit from the intellectual property rights and goodwill established by Pinnacle. Defendant's unauthorized use of the Pinnacle Trademark and Infringing Domain Name carries a possibility of confusion in the marketplace and has likely caused actual consumer confusion.

58. Upon information and belief, Defendant's acts alleged herein are willful, with the deliberate intent to trade on the goodwill of the Pinnacle Trademark, cause confusion and deception online and in the marketplace, divert internet users looking for Pinnacle's website or Pinnacle's services under the Pinnacle Trademark to Defendant's website, and divert potential sales of Pinnacle's services to Defendant and third-parties from whom Defendant receives revenues.

59. As a result of Defendant's wrongful registration and use of the Infringing Domain Name, Pinnacle has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by Pinnacle in its mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which Pinnacle has no adequate remedy at law. Pinnacle will continue to suffer irreparable harm unless this Court enjoins Defendant's conduct and orders that the infringing domain name be transferred to Pinnacle.

60. Pinnacle is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116 and 1125(d)(1)(C), including, among other injunctive relief, transfer of the Domain Name to Pinnacle or the cancellation of Defendant's registration of the Domain Name.

61. Pinnacle is further entitled to recover its damages and Defendant's profits, enhanced as the court deems appropriate and equitable, in amounts to be proven at trial, pursuant to 15 U.S.C. § 1117(a). Alternatively, Pinnacle is entitled to maximum statutory damages in the amount of $100,000 for the Domain Name pursuant to 15 U.S.C. § 1117(d).

62. Pinnacle is further entitled to recover its attorneys' fees and costs, together with prejudgment and post-judgment interest.

# PRAYER FOR RELIEF

WHEREFORE, Pinnacle prays for judgment against Defendant as follows:

1) That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. Section 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(d);

2) Ordering Defendant, within ten (10) days of the entry of final judgment, upon Pinnacle's election, either transfer to Pinnacle or cancel the registration of the Domain Name and registrations of any other domain names owned or controlled by Defendant that are confusingly similar to the Pinnacle Trademark;

3) Defendant and its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. Using the Pinnacle Trademark in any manner in connection with the offering, marketing, advertising, promotion, and performance of any services pertaining to employee benefits, human resources, payroll management, and any related service thereof, that is not authorized by Pinnacle to be offered in connection with the Pinnacle Trademark;
   b. Using the Pinnacle Trademark or source designation of any kind in connection with Defendant's services that is likely to cause confusion, mistake, deception, or public misunderstanding that such services are produced or provided by Pinnacle, or are sponsored or authorized by Pinnacle, or are in any way connected or relate to Pinnacle;
   c. owning, registering, trafficking in, or otherwise using the Domain Name;
   d. further infringing the Pinnacle Trademark and damaging Pinnacle's goodwill;
   e. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (d);
   f. granting such other and further relief as the Court may deem just and

proper to prevent the public and trade from deriving the false impression that any website operated by or any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Pinnacle or constitute or are connected with Pinnacle's services.

4) Entry of an Order that, upon Pinnacle's request, those with notice of the injunction, including, without limitation, any online platforms, specifically but not limited to the Infringing Domain Name https://www.pinnacleemployeeservices.com/ shall disable and cease displaying any advertisements used by or associated with Defendant in connection with the employee benefits services offered under the Pinnacle Trademark,

5) Awarding Pinnacle, upon Pinnacle's election, either:

a. an amount up to three times the amount of its actual damages and all of Defendant's profits realized by its wrongful acts alleged herein, enhanced as appropriate to compensate Pinnacle for the damages caused thereby, in accordance with 15 U.S.C. § 1117; or

b. maximum statutory damages in the amount of $100,000 for Defendant's violation of 15 U.S.C. § 1125(d), in accordance with 15 U.S.C. § 1117(d).

6) That Pinnacle be awarded all damages caused by the acts forming the basis of this Complaint,

7) That Defendant be required to pay Pinnacle the costs and reasonable attorneys' fees incurred by Pinnacle in this action,

8) For punitive and exemplary damages according to proof and the time of trial and in such sum as the trier of fact deems to be appropriate,

9) That Pinnacle be awarded prejudgment and post-judgment interest on all monetary awards; and



10) Pinnacle to be granted an award of any and all other further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury in this action.

DATED: August 1, 2022         Respectfully submitted,

**KROGH & DECKER, LLP**

By: _____
   DEREK C. DECKER
   ÇAĞIL AREL
   Attorneys for Plaintiffs
   PINNACLE EMPLOYEE SERVICES, INC.
   MICHAEL ALLEN

