Corey A. Donaldson (SBN 280383)
cdonaldson@fcoplaw.com
FERGUSON CASE ORR PATERSON LLP
1050 South Kimball Road
Ventura, CA 93004
Telephone: 805-659-6800

James P. Youngs (*admitted pro hac vice application*)
jyoungs@hancocklaw.com
AbiDemi M. Donovan (*admitted pro hac vice application*)
adonovan@hancocklaw.com
HANCOCK ESTABROOK LLP
1800 AXA Tower I
100 Madison Street
Syracuse, NY 13202
Telephone: 315-565-4500

*Attorneys for Defendant Pinnacle Holding Company, LLC*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE EMPLOYEE SERVICES, INC., a California corporation; and MICHAEL ALLEN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>PINNACLE HOLDING COMPANY, LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 2:22-CV-01367-KJM-CKD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(2) AND PARTIAL MOTION TO DISMISS UNDER FED R. CIV. P. 12(b)(6)**<br><br>[NOTICE OF MOTION, DECLARATION OF ERIC KROUSE, AND DECLARATION OF MARK PIETROWSKI FILED CONCURRENTLY HEREWITH] |

# **TABLE OF CONTENTS**

Table of Authorities ................................................................................................................... ii

I. INTRODUCTION ................................................................................................................. 1

II. RELEVANT FACTS ............................................................................................................. 2

III. PERSONAL JURISDICTION .................................................................................................. 3

    A. Standard of Review ................................................................................................. 3

    B. The Defendant is not subject to the Court's general jurisdiction because it does not have a continuous and systematic affiliation with California ............................................................. 4

    C. The Defendant is not subject to specific personal jurisdiction because it lacks sufficient minimum contacts with the forum state to satisfy due process ............................................... 5

IV. INVALIDITY OF THE '685 REGISTRATION ........................................................................ 11

    A. A challenge to Plaintiff's capacity to sue is properly the subject of a motion to dismiss .... 11

    B. The Complaint reveals that Plaintiff's trademark registration is void *ab initio* ................... 12

V. CONCLUSION .................................................................................................................. 13

# TABLE OF AUTHORITIES

**CASES**

*AM Trust v. UBS AG*
　681 Fed. Appx. 587 (9th Cir. 2017)...................................................................................5

*Ashcroft v. Iqbal*
　556 U.S. 662 (2009)..........................................................................................................11

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*
　223 F.3d 1082 (9th Cir. 2000) ...................................................................................... 7-10

*Bell Atlantic Corp. v. Twombly*
　550 U.S. 544 (2007)..........................................................................................................11

*Bristol-Myers Squibb Co. v. Superior Court of California*
　137 S. Ct. 1773 (2017)...................................................................................................3, 6

*Burger King Corp. v. Rudzewicz*
　471 U.S. 462 (1985)............................................................................................................3

*Cybersell Inc. v. Cybersell Inc.*
　130 F.3d 414 (9th Cir. 1997) .........................................................................................7, 9

*Daimler AG v. Bauman*
　571 U.S. 117 (2014)............................................................................................................3

*Davis v. Hollywood and Ivar, LLC*
　No. 2:21-cv-01235-VAP-JPRX, 2021 WL 4816822 (C.D. Cal. July 30, 2021) .................12

*De Saracho v. Custom Food Machinery, Inc.*
　206 F.3d 874 (9th Cir. 2000) ...........................................................................................11

*Goodyear Dunlop Tires Operations, S.A. v. Brown*
　564 U.S. 915 (2011)............................................................................................................4

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*
　896 F.2d 1542 (9th Cir. 1990) .........................................................................................11

*Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*
　328 F.3d 1122 (9th Cir. 2003) ...........................................................................................3

Case 2:22-cv-01367-KJM-CKD   Document 18-1   Filed 12/05/22   Page 4 of 19

*Hirsch v. Blue Cross, Blue Shield of Kansas City*
    800 F.2d 1474 (9th Cir. 1986) ...................................................................................................4

*Lyons v. American College of Veterinary Sports Medicine and Rehabilitation*
    859 F.3d 1024 (Fed. Cir. 2017)..........................................................................................12, 13

*Marvix Photo, Inc. v. Brand Technologies Inc.*
    647 F.3d 1218 (9th Cir. 2011) ..............................................................................................4, 5

*Omeluk v. Langsten Slip & Batbyggeri A/S*
    52 F.3d 267 (9th Cir. 1995) ......................................................................................................7

*Pebble Beach Co. v. Caddy*
    453 F.3d 1151 (9th Cir. 2006) .............................................................................................. 7-9

*Ramirez v. Sotelo*
    No. ED CV 13-02155 SJO (MRWx), 2014 WL 12586445 (C.D. Cal. May 8, 2014)...........................13

*Sanders v. American Forests*
    232 F.3d 907 (Table), 2000 WL 274174 (Fed. Cir. 2000)......................................................13

*Schwarzennegger v. Fred Martin Motor Co.*
    374 F.3d 797 (9th Cir. 2004) ................................................................................................4, 6

*Walden v. Fiore*
    571 U.S. 277 (2014).................................................................................................................6

**STATUTES, RULES, AND OTHER AUTHORITIES**

15 U.S.C. § 1114................................................................................................................. 1, 11-14

2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition (5th ed. 2021)...............12, 13

Fed. R. Civ. P. 9(a) ........................................................................................................................11

Fed. R. Civ. P. 12(b)(2).....................................................................................................................1

Fed. R. Civ. P. 12(b)(6)............................................................................................................. 11-13

Trademark Manual of Examining Procedure.................................................................................13

iii
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S 12(b)(2) AND 12(b)(6) MOTION TO DISMISS

## I.   INTRODUCTION

Defendant Pinnacle Holding Company, LLC ("PHC" or "Defendant") submits this memorandum of law in support of its motion to dismiss the Complaint of the Plaintiffs Pinnacle Employee Services, Inc. ("PES, Inc.") and Michael Allen ("Allen," and collectively with PES, Inc., "Plaintiffs") pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure due to lack of personal jurisdiction and because the Plaintiff's federal trademark registration is void.

First, the exercise of personal jurisdiction over the Defendant would violate the Due Process Clause. The Defendant has never engaged in any commercial or other activity in the State of California and never purposefully availed itself of the protections of California law. Specifically, the Defendant is merely a holding company for its operating subsidiaries, one of which is Pinnacle Employee Services, LLC ("PES LLC"). Neither the Defendant nor PES LLC, which uses the name PINNACLE EMPLOYEE SERVICES, does business, have employees, clients or customers, advertise, or engage in any contracts or other commercial activities in California. Further, PES LLC's website, www.pinnacleemployeeservices.com (the "Website"), which underpins the bulk of the Complaint's allegations, is non-interactive for the general public, not specifically directed toward California or its residents, and to PES LLC's knowledge has not been accessed by any potential or actual customers in California. The Website thus does not create a connection between the Defendant and the forum sufficient to sustain personal jurisdiction. Accordingly, the Complaint must be dismissed for lack of personal jurisdiction.

Second, the Plaintiffs' claim for trademark infringement under 15 U.S.C. § 1114 must be dismissed because the Plaintiff's trademark registration is void. Specifically, the Complaint and its exhibits (particularly the "Trademark Assignment Agreement") show that PES, Inc., and not Michael Allen, owned the trademark at the time of the application to register the mark with the U.S. Patent and Trademark Office. But the application erroneously identified Michael Allen, not PES, Inc., as the trademark owner. Because the application was filed by the improper party, the resulting registration is void *ab initio* and there is no federal trademark registration on which to base the Plaintiffs' infringement claim under 15 U.S.C. § 1114.

///

## II. RELEVANT FACTS

Defendant PHC is a Delaware Limited Liability Company with its headquarters and sole physical office in East Syracuse, New York. PHC is a holding company that engages in no business of its own accord, has no customers or clients of its own, and does not sell or offer for sale any goods or services. Its seven employees are all based in East Syracuse, New York. Krouse Dec. ¶¶ 3-5. PHC has no presence in California: it is not registered to do business in the State, has not advertised, marketed, or solicited business in the State, has no contracts with any California residents, entities or businesses, and has never instructed or facilitated any person's travel to California on the company's behalf. *Id.* at ¶¶ 6-7. The Defendant itself does not use the trademark PINNACLE EMPLOYEE SERVICES; in fact, as a holding company it has effectively no consumer-facing business in its own right. *Id.* at ¶¶ 8-10.

PES LLC is a Delaware limited liability company that has engaged in commerce under the name PINNACLE EMPLOYEE SERVICES since its formation on July 17, 2014. *Id.* at ¶ 11; Pietrowski Dec. ¶ 4. PES LLC's headquarters and principal place of business is in Syracuse, New York. Pietrowski Dec. ¶ 5. PES LLC has no clients, employees, physical presence, contractual arrangements, representatives, or any business ventures in California or, for that matter, anywhere west of the Mississippi River. *Id.* at 7-8. PES LLC has never advertised in California, sought clients from or in California, or sought to do business in California. *Id.* at 9. PES LLC registered the Website domain on October 21, 2014 and has used it continuously and exclusively since that date. *Id.* at ¶ 10. To the general public or anyone that might happen upon the Website, it is wholly passive. *Id.* at ¶ 11. Visitors to the Website cannot purchase anything, sign up for services or otherwise engage in any commercial activity. *Id.* Though the Website describes PES LLC's services and provides contact information, it is entirely passive to the general public. *Id.*

The Website has a client portal for clients and their employees that have already engaged or contracted with PES LLC for its professional employer organization services, but the portal is not accessible to non-clients. *Id.* at ¶ 12-13. It is not possible for non-clients or the general public to access – much less interact with – the portal before the client engages PES LLC and PES LLC thereafter creates a portal profile for the clients and their employees to use. *Id.* PES LLC does not have any California clients, no California resident has ever registered to use the Website's client portal, and PES LLC has

never created a profile for a California resident. *Id.* at ¶ 14. Accordingly, to PES LLC's knowledge, no one from California has ever accessed or used the Website's client portal. *Id.* at ¶ 14.

### III. PERSONAL JURISDICTION

#### A. Standard of Review

A court may only exercise jurisdiction over a defendant where authorized to do so by both state law and the "limits imposed by federal due process" under the Fourteenth Amendment. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). Because "California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution[,]" the jurisdictional inquiry focuses on whether the exercise of jurisdiction comports with federal due process. *Id.* (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985)).

The Supreme Court has enunciated two categories of personal jurisdiction: (1) general jurisdiction, which encompasses "causes of action arising from dealings entirely distinct from those activities" and can only be exercised "when a foreign corporation's continuous corporate operations within a state are so substantial and of such a nature as to justify" a lawsuit against it in that forum; and (2) specific jurisdiction, which "encompasses cases in which the suit arises out of or relates to the defendant's contacts with the forum". *Id.* at 127 (internal citations omitted). Under either category, a court's "primary concern" is assessing the "burden on the defendant" in litigating in the plaintiff's selected forum. *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S. Ct. 1773, 1776 (2017) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). In evaluating this burden, the Supreme Court has established the outer limits of due process: "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'" *Burger King*, 471 U.S. at 471-472 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). When a defendant moves to dismiss for lack of personal jurisdiction, it is the plaintiff's burden to demonstrate that the court has jurisdiction over the defendant. *See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128–29 (9th Cir. 2003).

Plaintiffs cannot meet their burden to establish either general or specific jurisdiction of this Court over Pinnacle Holding Company, LLC, the Defendant.

**B. The Defendant is not subject to the Court's general jurisdiction because it does not have a continuous and systematic affiliation with California.**

General personal jurisdiction is appropriately asserted when a corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *Int'l Shoe*, 326 U.S. at 317). The Ninth Circuit Court of Appeals has held that "for general jurisdiction to exist over a nonresident defendant . . . the defendant must engage in 'continuous and systematic general business contacts' that approximate physical presence in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984) and *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)). The "paradigm all-purpose forums" for general jurisdiction are an entity's place of incorporation and principal place of business. *Daimler AG*, 571 U.S. at 137. The *Daimler* Court held that approving "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" would be "unacceptably grasping." *Daimler AG*, 517 U.S. at 137-38. Factors courts consider in determining whether general jurisdiction is satisfied are "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." *Hirsch v. Blue Cross, Blue Shield of Kansas City*, 800 F.2d 1474, 1478 (9th Cir. 1986).

For example, in *Marvix Photo, Inc. v. Brand Technologies Inc.*, 647 F.3d 1218, 1225 (9th Cir. 2011), plaintiff argued that defendant was subject to general jurisdiction in California because it "allow[ed] third parties to advertise jobs, hotels, and vacations in California on its website; [sold], or allow[ed] a third-party vendor to sell, tickets to California events on its website; employ[ed] a California firm to design its website; ha[d] business relationships with a California-based national news organization, an Internet advertising agency, and a wireless provider; and maintain[ed] a 'highly interactive' website." The Ninth Circuit disagreed, holding that "these contacts [fell] well short of the requisite showing for general jurisdiction," reiterating that "[Defendant] ha[d] no offices or staff in California, [was] not registered to do business in the state, ha[d] no registered agent for service of process, and [paid] no state taxes." *Id.* Even if Defendant had been registered to do business in the state

and had a registered agent for service of process, however, "California does not require corporations to consent to general personal jurisdiction in [the] state when they designate an agent for service of process or register to do business," and "[t]he 'designation of an agent for service of process and qualification to do business in California alone are insufficient to permit general jurisdiction.'" *AM Trust v. UBS AG*, 681 Fed. Appx. 587, 588-89 (9th Cir 2017) (citations and internal quotation omitted).

The Complaint does not assert a *prima facie* case for general jurisdiction. Rather, it merely claims that the Defendant "does sufficient business in California" to sustain jurisdiction. Dkt. 1, ¶ 7. It further claims that the Defendant provides services "directly from customer's work site and assuming its customers' contractual and legal rights . . ." *Id.* at ¶ 8. As set forth above, merely "doing business" in a forum does not give rise to general jurisdiction. Even being "present" in a State for some purpose does not give rise to a systematic series of contacts with the forum state necessary to considered "at home" there. Thus even if, *arguendo*, Plaintiff's allegations were true (they are not), general personal jurisdiction would not exist.

Moreover, PHC (and PES LLC) have **zero** contacts with the forum state, much less the continuous, substantial and comprehensive operations necessary to exercise personal jurisdiction on causes unrelated to those activities. The Defendant is not registered to do business in the State of California, has no offices or staff here, has paid no taxes, and indeed has no presence in the State. Plaintiff's allegations are limited to the existence of a Website that is operated by a subsidiary entity and which is, in any event, insufficient means to establish the extent and quality of Defendant's contact with the forum state to sustain general jurisdiction. *Marvix Photo*, 647 F.3d at 1225 (holding that operating "even a highly interactive website" does not confer general jurisdiction).

The Complaint has failed to allege, and the Plaintiff cannot establish, facts necessary to sustain general personal jurisdiction over the Defendant in this forum.

**C. The Defendant is not subject to specific personal jurisdiction because it lacks sufficient minimum contacts with the forum state to satisfy due process.**

The Plaintiff's primary complaints revolve around the Website, claiming that the Defendant is "a fully interactive, e-commerce service provider . . . on online platforms under the Pinnacle Trademark and using a domain name that is identical to . . . the Pinnacle Trademark." Dkt. 1, ¶ 21. Further, the

existence of the Website is the only possible activity or basis on which the Plaintiff can possibly rely to suggest that the Defendant has engaged in some activity in the State of California. Though interactive websites can, under limited circumstances, provide a basis for the exercise of specific personal jurisdiction for claims related to such website, the Website at issue here is passive and non-interactive to members of the general public. Because neither the Defendant nor PES LLC has any California customers or users that access the interactive portal reserved for clients and their employees, it does not create any connection between the forum and the Defendant. Accordingly, the Website alone is insufficient basis on which to exercise specific personal jurisdiction over the Defendant.

To show the "minimum contacts" necessary to satisfy due process requirements for specific jurisdiction, (1) "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State," and (2) the analysis must "look to defendant's contacts with the forum state itself, not the defendant's contacts with the persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 283-85 (2014) (citing *Burger King*, 471 U.S. at 475). To exercise specific jurisdiction, the lawsuit must arise out of or relate to the defendant's contacts with the forum state. In other words, there must be an affiliation between the forum and the underlying controversy that takes place in the forum state and is therefore subject to the State's regulation. Specific jurisdiction is thus confined to adjudication of issues deriving from the very controversy that establishes jurisdiction. "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780-81 (internal citations, quotations, and punctuation omitted).

The Ninth Circuit employs a three-part test to determine whether a court possesses specific jurisdiction over a particular defendant: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.1987)).

6
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S 12(b)(2) AND 12(b)(6) MOTION TO DISMISS

Moreover, "if *any* of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) (emphasis added).

Under the first prong, the Plaintiff has the burden of establishing that Defendant "has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum." *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). The Ninth Circuit has "refined this to mean whether [Defendant] has either (1) 'purposefully availed' himself of the privilege of conducting activities in the forum, or (2) 'purposefully directed' his activities toward the forum." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing *Schwarzenegger*, 374 F.3d at 802). The court may find "[e]vidence of availment . . . [in] action taking place in the forum that invokes the benefits and protections of the laws in the forum," and "[e]vidence of direction generally consists of action taking place outside the forum that is directed at the forum." *Id.*

Trademark infringement cases have brought particular focus on internet activity as a potential avenue for assertion of specific personal jurisdiction. The Ninth Circuit has held that in such cases, "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Cybersell Inc. v. Cybersell Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). Where a website is concerned, the "'level of interactivity and commercial nature of the exchange of information that occurs on the Web site' [may be used to] determine if sufficient contacts exist to warrant the exercise of jurisdiction." *Id.* The Ninth Circuit has held that passive activity such as maintaining an informational website, even if it occasionally allowed for interaction between a business entity and California's residents, is insufficient to maintain general personal jurisdiction. *Id.*

In *Cybersell*, as here, the defendant merely displayed the plaintiff's alleged trademark on a passive website that was accessible in any and all states, including the forum state. "The interactivity of [the defendant's] web page [was] limited to receiving the browser's name and address and an indication of interest. . . . No money changed hands on the Internet from (or through)" the forum state. *Id.* at 419.

Though the website advertised the defendant's services and provided contact and other information by which a potential customer could contact the defendant to secure its services, "signing up for the service is not an option, nor did anyone from [the forum state] do so." *Id.* Because the website was largely passive, the defendant undertook "no act and . . . consummated no transaction, nor . . . performed any act by which it purposefully availed itself of the privilege of conducting activities, in [the forum state], thereby invoking the benefits and protections of [the forum state's] law." *Id.* Accordingly, the Court held that assertion of personal jurisdiction over the defendant would violate the Due Process Clause.

This analysis holds regardless of whether the allegedly infringing trademark is displayed on a website directly or used as the domain name itself. In *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1153 (9th Cir. 2006), the plaintiff was the famous "golf course and resort located in Monterey County, California. The golf resort has used 'Pebble Beach' as its trade name for 50 years." It had also long used the domain name www.pebblebeach.com. It brought suit against a citizen of the United Kingdom who obtained and located his business website on the domain name www.pebblebeach-uk.com. As in *Cybersell*, the defendant's website in *Pebble Beach* was passive, displaying information about the defendant's resort, services and menus, with contact information and an online inquiry form by which a visitor to the site could submit their contact information to the defendant. *Id.* at 1153-54.

The *Pebble Beach* plaintiff argued that the defendant knew about the plaintiff's business and famous trademark, and used his domain name and website for the express purpose of benefitting from the plaintiff's name or to intentionally siphon traffic away from their website. *Id.* at 1156. Despite these allegations, the Court reiterated that the focus must be on the defendant's actual connection with the forum, not the purported "effects" that the defendant's activity might have on the plaintiff or the forum. It concluded that "[t]he only acts identified by Pebble Beach as being directed at California are the website and the use of the name 'Pebble Beach' in the domain name. These acts were not aimed at California and, regardless of foreseeable effect, are insufficient to establish jurisdiction." *Id.*

In so holding, the *Pebble Beach* court plainly distinguished other cases, including *Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1082, 1084-85 (9th Cir. 2000), in which a defendant had "expressly aimed" conduct at the forum state in connection with trademark or domain name disputes. In *Bancroft & Masters*, the defendant Augusta Golf Club, operator of the famous Masters golf tournament,

8
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT'S 12(b)(2) AND 12(b)(6) MOTION TO DISMISS

challenged the plaintiff's ownership and use of the domain name www.masters.com. The defendant sent the plaintiff, a California entity doing business almost exclusively in California, a cease and desist letter demanding turnover of the domain name, and also initiated a dispute resolution procedure with the plaintiff's domain registrar. That process forced the plaintiff to either transfer the domain to the defendant, place it "on hold" thus preventing either party from using it, or sue for declaratory judgment clearing the trademark claim in an appropriate court. *Id.* at 1084-85. The plaintiff chose the third option, bringing a declaration judgment action for non-infringement in California district court, and the defendant moved to dismiss for lack of personal jurisdiction.

The Ninth Circuit held that though there was no general personal jurisdiction over the defendant, its activity in challenging the plaintiff's trademark and forcing the plaintiff to bring suit to maintain ownership of its domain name constituted "express aiming" at a party known to be resident in the forum state. The Court held that such activity constituted, for purposes of specific jurisdiction, purposeful availment of that forum state in that particular dispute. It concluded that the defendant acted intentionally when it sent a letter to the plaintiff's domain name registrar to initiate the dispute resolution process and that such act "expressly aimed at California because it individually targeted [the plaintiff], a California corporation doing business almost exclusively in California." *Id.* at 1088. "[T]he effects of the letter were primarily felt, as [defendant] knew they would be, in California[]" because the effect of that letter was to "automatically . . . prevent [the plaintiff] from using its website had [it not] not filed suit." *Id.* at 1088-89.

The foregoing precedents foreclose the exercise of specific personal jurisdiction in this case. The Defendant has not purposefully directed any activities to California, not engaged in business in the State, and not consummated any transaction with a resident of California. The Complaint's focus on the Website and claim that the Defendant is "a fully interactive, e-commerce service provider" reflects that the Plaintiff would have this Court accept the argument that Defendant's ownership of a subsidiary that hosts a passive Website using the name "Pinnacle" in its domain name is sufficient to establish jurisdiction. The Ninth Circuit has already dismissed this premise in *Cybersell*, *Pebble Beach* and their progeny. And unlike the defendant in *Bancroft & Masters*, whose actions were specifically intended to

affect California residents, Defendant has not directed any affirmative action toward the Plaintiffs, nor voluntarily engaged in any other activity directed to California or its residents.

Assuming *arguendo* that Defendant and not PES LLC is the entity responsible for the Website, Plaintiff would still fail to meet its burden of demonstrating that Defendant has purposely directed any of its activities toward the State or consummated any transaction with the forum or one of its residents. PES LLC operates a passive website that serves primarily informational purposes; visitors to the Website cannot make purchases, subscribe to any services, or engage in any commercial activity unless they are already clients of the entity seeking to access their personalized portal. Defendant respectfully submits that this Court should find that the Website's level of interactivity is minimal at best, and that there is no commercial exchange of information targeted towards California's residents.

"The final requirement for specific jurisdiction . . . is reasonableness. For jurisdiction to be reasonable, it must comport with fair play and substantial justice." *Bancroft & Masters*, 223 F.3d at 1088 (*citing Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)).

> The reasonableness determination requires the consideration of several specific factors: (1) the extent of the defendant's purposeful interjection into the forum state, (2) the burden on the defendant in defending in the forum, (3) the extent of the conflict with the sovereignty of the defendant's state, (4) the forum state's interest in adjudicating the dispute, (5) the most efficient judicial resolution of the controversy, (6) the importance of the forum to the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum.

*Id.*

Even assuming for the sake of argument that there is some connection between PHC and California, it would be so minor that dragging the Defendant across the country to a forum in which it has no business, no clients, no employees, no physical presence, no advertisements, and to which its employees have never travelled, would be unreasonable. The Defendants are not without a venue to resolve this dispute. Because the case is rooted in federal and not State law, alternative federal venues will provide a sufficient forum for the Plaintiffs' claims. Indeed, the Complaint does not rely on California law at all, instead relying wholly on the Lanham Act. As such, the State of California has no

connection to or interest in the case other than being the chosen home of the Plaintiffs. Finally, the burden on the Defendant in having to defend itself in a lawsuit across the county highlights the unreasonableness of personal jurisdiction here. Because the Defendant has no connection or employees or agents in the State of California, it would be significantly burdened by having to travel across the country from its headquarters in Central New York and defend itself in an unfamiliar forum and jurisdiction.

Because Plaintiff has not alleged and cannot show that Defendant in any way directed its activities or consummated any transaction with the forum state by way of the Website owned by its subsidiary, it cannot establish that this claim is related to Defendant's activities in the forum. An exercise of personal jurisdiction under these circumstances would ignore the idea of "*purposeful availment*" and fly in the face of the notions of fair play and substantial justice secured by the Constitution.

### IV. INVALIDITY OF THE '685 REGISTRATION

**A. A challenge to Plaintiff's capacity to sue is properly the subject of a motion to dismiss.**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). The Court may also consider exhibits to the Complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990).

Defendant PHC herein challenges Plaintiffs' ability to sue under 15 U.S.C. § 1114, which requires a federal trademark registration. When the Complaint reveals that the plaintiff lacks capacity to sue, a Rule 12(b)(6) motion will lie. *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 878 (9th Cir. 2000). A challenge to a plaintiff's authority to sue should be made by a "specific negative averment . . . in the responsive pleading or by motion before pleading." *De Saracho*, 206 F.3d at 878 (9th Cir. 2000) (quoting *Summers v. Interstate Tractor & Equip. Co.*, 466 F.2d 42, 49-50 (9th Cir.

1972)); *see also* Fed R. Civ. P. 9(a).

**B. The Complaint reveals that Plaintiff's trademark registration is void *ab initio*.**

To state a claim under 15 U.S.C. § 1114, a plaintiff must own a "registered mark." Here, the trademark registration at issue is U.S. Trademark Registration No. 6,696,685 (the "'685 Registration") for PINNACLE EMPLOYEE SERVICES. Dkt. 1-1 at Ex. 1. However, the facts alleged in the Complaint and the exhibits thereto compel a holding that the '685 Registration is void *ab initio* because it was filed by the improper party.

"Only the owner of a mark can validly apply for, receive, and retain a registration." 2 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 16:35 (5th ed. 2021) ("McCarthy"); 15 U.S.C. § 1051(a) ("The owner of a trademark used in commerce may request registration of its trademark . . . ."). "Ownership is a statutory requirement that cannot be waived." *Davis v. Hollywood and Ivar, LLC*, No. 2:21-cv-01235-VAP-JPRX, 2021 WL 4816822, at *4 (C.D. Cal. July 30, 2021) (citing *Great Seats, Ltd. v. Great Seats, Inc.*, 84 U.S.P.Q.2d 1235, 1239 (T.T.A.B. 2007)). "Thus, registration by one who did not own the mark at the time of filing renders the underlying application void *ab initio*." *Lyons v. American College of Veterinary Sports Medicine and Rehabilitation*, 859 F.3d 1024, 1027 (Fed. Cir. 2017) (citations omitted); *see also Davis*, 2021 WL 4816822, at *4 (C.D. Cal. July 30, 2021) ("[A]n application is *void ab initio* if the person or entity filing the application was not the owner of the mark.").

Here, plaintiff Michael Allen filed to register the Pinnacle Trademark in his individual capacity on December 11, 2020. Dkt. 1, ¶ 15; Dkt. 1-1 at Exs. 1 and 2. However, the Complaint and its exhibits make clear that **Allen did not own the Pinnacle Trademark; PES, Inc. did**. The trademark assignment attached to the Complaint as Exhibit 2, signed by both Allen and PES, Inc., states that "Assignee [PES, Inc.] has been and continues to conduct business and operations in connection with the name 'Pinnacle Employee Services' with consistency, and as a result, **has inured certain past, present, and future intellectual property rights, trademark rights, and the associated goodwill throughout the**

///

**world** . . . " (emphasis added).[1] *See* dkt. 1-1 at 4. Other portions of the Complaint are consistent with this allegation of ownership by PES, Inc. (and not Allen). For instance, according to the assignment, Allen originally applied to register the Pinnacle Trademark not because he owned it or had developed goodwill in it, but instead "to provide for the federal protection and registration of the [Assignee PES's] use of the name 'Pinnacle Employee Services.'" Complaint Ex. 2, dkt. 1-1 at 4. Plaintiffs also allege in the body of the Complaint that PES, Inc. "has used the Pinnacle Trademark in commerce continuously since the date of September 1, 2013," and that this use "has made the Pinnacle Trademark a valuable asset **of Pinnacle**." Dkt. 1 ¶ 18 (emphasis added).

"If the president of a corporation is identified as the owner of the mark when in fact the corporation owns the mark . . . the application is void as filed because the applicant is not the owner of the mark." Trademark Manual of Examining Procedure ("TMEP") § 1201.02(c); *see also Sanders v. American Forests*, 232 F.3d 907 (Table), 2000 WL 274174, at *2 (Fed. Cir. 2000) ("Although TMEP § 1201.02(c) permits the correction of minor errors, § 1201.02(c) explicitly mandates that an application may not be amended to set forth another entity as the applicant."); *Ramirez v. Sotelo*, No. ED CV 13-02155 SJO (MRWx), 2014 WL 12586445, at *5 (C.D. Cal. May 8, 2014) ("If the owner of a mark is a partnership, and the application is filed in the name of an individual, then the application is void ab initio."). Such is the case here. The Complaint makes clear that while Allen filed the trademark application, PES, Inc. owned the trademark itself. The '685 Registration is therefore void as a matter of law—and Plaintiffs have failed to plausibly plead a claim under 15 U.S.C. § 1114.

## V. CONCLUSION

For at least the foregoing reasons, all of Plaintiffs' causes of action should be dismissed for lack of personal jurisdiction over Defendant. Moreover, Plaintiff's cause of action under 15 U.S.C. § 1114 should be dismissed with prejudice and the '685 Registration declared invalid.

///

---

[1] Federal trademark rights arise from use in interstate commerce, and use of a trademark inures to the benefit of its owner, not a non-owner authorized user such as a licensee. *See, e.g.*, *Lyons*, 859 F.3d 1023 at *1026 (Fed. Cir. 2017); McCarthy §§ 18:45.50, 18:52.

1  DATED: December 5, 2022                    Respectfully submitted,

                                              FERGUSON CASE ORR PATERSON LLP

                                      By:     /s/ Corey A. Donaldson
                                              Corey A. Donaldson


                                              HANCOCK ESTABROOK LLP

                                              James P. Youngs (*pro hac vice*)
                                              AbiDemi M. Donovan (*pro hac vice*)

                                              *Attorneys for Defendant Pinnacle Holding Company, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the Electronic Service List for this Case.

DATED: December 5, 2022

FERGUSON CASE ORR PATERSON LLP

By: /s/ Corey A. Donaldson
Corey A. Donaldson

HANCOCK ESTABROOK LLP

James P. Youngs (*pro hac vice*)
AbiDemi M. Donovan (*pro hac vice*)

*Attorneys for Defendant Pinnacle Holding Company, LLC*