**KROGH & DECKER, LLP**
DEREK C. DECKER (SBN 232243)
*derekdecker@kroghdecker.com*
ÇAĞIL AREL (SBN 333564)
*cagilarel@kroghdecker.com*
555 Capitol Mall, Suite 700
Sacramento, CA 95814
916.498.9000 (p)
916.498.9005 (f)

Attorneys for Plaintiffs
PINNACLE EMPLOYEE SERVICES, INC.
MICHAEL ALLEN

# THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PINNACLE EMPLOYEE SERVICES, INC., a California Corporation; MICHAEL ALLEN, an individual, <br><br>        Plaintiffs, <br><br>        v. <br><br> PINNACLE HOLDING COMPANY, LLC, a Delaware Limited Liability Company, <br><br>        Defendant. | Case No.: 2:22-CV-01367-KJM-CKD <br><br> **PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS** <br><br> **SUIT FILED:        AUGUST 1, 2022** |



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

I. INTRODUCTION .................................................................. 5

II. BACKGROUND ................................................................. 5

III. ARGUMENT .................................................................... 7

1. PHC's MOTION TO DISMISS IS BROUGHT UNDER AN INCORRECT GROUND OF VENUE THAT PHC ALREADY WAIVED........................................................ 7

2. IN THE EVENT THAT THE COURT RULES ON THE MERITS, PHC FALLS SQUARELY WITHIN THIS COURT'S REACH................................................................. 9

   A. PHC Cannot Show a Violation of Due Process ....................... 9

      1) Plaintiff Pinnacle's complaint should not be dismissed because plaintiff's prima facia showing of personal jurisdiction is enough to meet plaintiff's burden where there is no evidentiary hearing. ....................................... 10

      2) Pinnacle can prime facia show this Court's jurisdiction over PHC because PHC purposefully directed its activities to California ........................... 11

         a. PHC purposefully directed its activities to CA because PHC committed an intentional act ............................................................. 12

         b. PHC purposefully directed its activities to California because PHC expressly aimed its intentional act to California................................... 12

         c. PHC purposefully directed its activities to California because PHC caused harm that PHC could foresee the effects in California. ................... 15

      3) Pinnacle can prime facia show this Court's jurisdiction over PHC because Pinnacle's claim arises out of PHC's activities in California. ................. 16

      4) Pinnacle can prime facia show this Court's jurisdiction over PHC because PHC failed to present a compelling case that this Court's exercise of jurisdiction over PHC is unfair. ...................................................... 16

      5) Allegations directly contravened by evidence are resolved in Pinnacle's favor because the evidence offered is factually conflicting. ................... 18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

B. A holding for the absence of personal jurisdiction satisfies one of two of the requirements for in rem jurisdiction....................................................................... 21

C. In the alternative, Pinnacle Requests Leave to Propound Jurisdictional Discovery. ...................................................................................................................................... 21

D. Plaintiff's Mark are Valid and Presumed Valid Because PHC Fails to Show That Mark Is Unprotectable. ........................................................................................... 22

IV. CONCLUSION ........................................................................................... 23

## TABLE OF AUTHORITIES

### CASES

*Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660 (E.D. Va. 2006) ........................ 21

*Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1105 (C.D. Cal. 2007) .. 12

*Baja Ins. Servs. v. Shanze Enters.*, No. 2:14-CV-02423-KJM-AC, 2016 U.S. Dist. LEXIS 43994 (E.D. Cal. Mar. 31, 2016) ................................................................................. 22

*Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) .............................................. 11, 16

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) ...... 15

*Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124 (9th Cir. 2010) ................. 15

*Cal. Brewing Co. v. 3 Daughters Brewing Ltd. Liab. Co.*, No. 2:15-cv-02278-KJM-CMK, 2016 U.S. Dist. LEXIS 52344 (E.D. Cal. Apr. 18, 2016) ................................... 12, 14, 16

*Cal. Software, Inc. v. Reliability Research, Inc.*, 631 F. Supp. 1356 (C.D. Cal. 1986)....... 17

*Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).............. 9, 11, 14

*Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995) .......................... 18

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977ˆ, 374 F.3d at 800 ........................................................................................................................... 18

*Gordy v. Daily News, L.P.*, 95 F.3d 829, 836 (9th Cir. 1996)............................................. 17

*In re JPMorgan Chase Derivative Litig.*, No. 2:13-cv-02414-KJM-EFB, 2014 U.S. Dist. LEXIS 151370 (E.D. Cal. Oct. 23, 2014) ......................................................................... 11



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

1  *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1390 (9th Cir. 1993) .......................... 23

2  *Pacific Atlantic Trading Co. v. M/V Main Exp.*, 758 F.2d 1325, 1327 (9th Cir. 1985) ....... 11

3  *Panavision Int'l, Ltd. P'ship v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998)................ 16

4  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004) ... 11, 12, 16

5  *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990)............................................... 17

6  *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1200 (9th Cir. 1988) .......................... 17

7  *Time, Inc. v. Manning*, 366 F.2d 690, 696 (5th Cir. 1966).................................... 8

8  *Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115 (2014) .................................. 14

9  *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 419 (9th Cir. 1977) ... 20, 22

10  *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir. 2006) ................... 15

11  *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113-14 (9th Cir. 2010)..... 22

12
13

## **STATUTES**

14  § 1125(a)-(d) .............................................................................. 21

15  §1125(d)(2)(A) ............................................................................. 21

16  15 U.S.C. § 1114(1) ....................................................................... 21

17  15 U.S.C. § 1115(a)). ..................................................................... 23

18  15 U.S.C. §§ 1057(b) ...................................................................... 22

19  Burger King, 471 U.S. at 474 ............................................................ 15

20  Fed. R. Civ. P. 12(h)(1) .................................................................. 8

21
22
23
24
25
26
27
28



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

This case revolves around two companies, a trademark, similar names and similar services on opposite coasts. MICHAEL ALLEN, a United States Individual, and a California resident is the current holder of the trademark "PINNACLE EMPLOYEE SERVICES" Reg. No. 6,696,685 (Class 35: Human Resources consultation; Payroll preparation) with first use in commerce September 1, 2013 and registered with the United States Patent and Trademark Office ("USPTO") since April 12, 2022.  MICHAEL ALLEN has since assigned the trademark to his company, PINNACLE EMPLOYEE SERVICES, INC., a California Corporation ("Plaintiff").

But PINNACLE HOLDING COMPANY, LLC, a Delaware Limited Liability Company ("Defendant") and their wholly owned subsidiary PINNACLE EMPLOYEE SERVICES, LLC, a Delaware Limited Liability Company have been using the trademark "PINNACLE EMPLOYEE SERVICES" in conjunction with the website pinnacleemployeeservices.com, confusing customers, and violating Plaintiff's trademark.

## II. BACKGROUND

On October 28, 2020, Defendant PINNACLE HOLDING COMPANY ("PHC") applied for a trademark consisting of the words "PINNACLE EMPLOYEE SERVICES." PHC stated that it first used the mark in commerce on November 18, 2014.

On December 11, 2020, Plaintiff MICHAEL ALLEN also applied for a trademark consisting of the words "PINNACLE EMPLOYEE SERVICES." MICHAEL ALLEN stated that it first used the mark in commerce September 1, 2013. On June 10, 2021, United States Patent and Trademark Office ("USPTO") suspended that application pending the resolution of PHC's application.

On October 13, 2021, PHC abandoned its application.

So, on January 5, 2022, USPTO granted Plaintiff MICHAEL ALLEN's application. In the months following, the application was published in the Official Trademark Gazette for the eyes of all third parties that may be harmed by the registration. Nobody opposed. And on April 12, 2022, USPTO successfully registered Plaintiff MICHAEL ALLEN's

5

trademark.

A week after, on April 21, 2022, Plaintiff MICHAEL ALLEN and his company PINNACLE EMPLOYEE SERVICES, INC. (hereafter collectively "Pinnacle") notified PHC of Pinnacle's registration. Pinnacle informed PHC that Pinnacle was a California company and that Pinnacle was the rightful owner of the trademark consisting of the words "PINNACLE EMPLOYEE SERVICES" (hereafter the "Pinnacle Trademark.") Pinnacle asked PHC to stop using its trademark. Pinnacle also told PHC that if PHC refused, PHC would be sued in California.

But PHC did not stop using the Pinnacle Trademark. PHC did not stop using the Pinnacle Trademark to offer the exact type of services as Pinnacle. PHC did not stop using the Pinnacle Trademark as its domain name. PHC did not stop using the Pinnacle Trademark to compete with Pinnacle.

So, Pinnacle filed suit in California against PHC for trademark infringement, unfair competition, and violation of the Anti-Cybersquatting Consumer Protection Act. In its complaint, Pinnacle alleged that Pinnacle was the owner of a valid trademark registered by the USPTO; but that PHC was infringing on the Pinnacle Trademark by purposefully using, selling, and marketing its own services under the Pinnacle Trademark that are in direct competition with Pinnacle; that despite Pinnacle's warning, PHC did not stop its unlawful use of the Pinnacle Trademark, and that PHC's infringement of the Pinnacle Trademark was likely causing consumer confusion because PHC uses the Pinnacle Trademark in its entirety to offer services that are identical to Pinnacle's services.

Now, Defendant Pinnacle Holding Company ("PHC") argues that this Court is precluded from adjudicating Plaintiff's Complaint because the Complaint, PHC contends, does not establish personal jurisdiction over PHC. PHC also contends that Plaintiff's underlying trademark registration is void, but PHC offers no evidence or statutory ground in support. As Plaintiff can establish personal jurisdiction over PHC and validity over its own trademark, a dismissal is not warranted at this time.



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Following his trademark registration, Plaintiffs Michael Allen and his company Pinnacle Employee Services, Inc. ("Pinnacle" or "Plaintiff Pinnacle") noticed that another company, defendant Pinnacle Holding Company LLC ("PHC"), has been infringing on Pinnacle's rights. Simply put, Pinnacle is the owner of a trademark with the words "Pinnacle Employee Services", registered with the United States Patent and Trademark Office ("USPTO") on April 12, 2022, Registration No. 6,696,685 (the "Pinnacle Trademark") (Plaintiff's Complaint, ¶ 15, hereafter "Pl. Compl.") Pinnacle uses the Pinnacle Trademark to offer business owners assistance with employee services and payroll preparation. Defendant PHC has been using the Pinnacle Trademark in its entirety to offer identical services. Pinnacle brings this suit to stop PHC from doing so.

PHC's motion to dismiss should be denied based on the following grounds:

(1) That PHC's motion to dismiss is brought under an incorrect ground of venue that PHC already waived;

(2) That if the Court adjudicates PHC's motion on the merits, PHC still falls within this Court's reach because PHC has minimum contacts with California within the boundaries of due process;

(3) That if this Court cannot exercise personal jurisdiction over PHC, then it should exercise in rem jurisdiction over PHC's infringing domain name;

(4) That if the Court finds to the contrary, then a limited jurisdictional discovery is proper, and finally;

(5) That PHC's motion to dismiss based on validity cannot stand when Pinnacle is and has been the owner of the Pinnacle Trademark without any evidence from PHC to the contrary;

**1. PHC's Motion to Dismiss Is Brought Under an Incorrect Ground of Venue that PHC Already Waived.**

PHC contends that PHC is outside of this Court's reach because the burden on



PHC to litigate in California is too high for Pinnacle's Complaint to stand. But that is not the correct rule, nor the correct standard. Personal jurisdiction and venue are two different concepts on the same spectrum. Personal jurisdiction tests fairness within the boundaries of due process on one end. Venue tests the degree of inconvenience on the opposite end. *Time, Inc. v. Manning,* 366 F.2d 690, 696 (5th Cir. 1966) A motion to dismiss is governed by 12(b)(2) if it challenges personal jurisdiction, but it is governed by 12(b)(3) if it challenges venue. Both are on the same continuum. And both must be asserted at the first appearance, or they're waived. Fed. R. Civ. P. 12(h)(1). PHC's motion should be denied (1) because PHC's assertions under the guise of personal direction are, in fact, a challenge to the venue; and (2) because PHC waived the right to challenge the venue when PHC did not bring a 12(b)(3) motion in its first appearance. So, the 12(b)(2) motion, characterized under venue arguments, does not warrant this Court's review.

While jurisdiction may be fair, the venue may be improper. PHC brings a 12(b)(2) motion to dismiss based on personal jurisdiction, but instead, PHC's argument rests on venue, which is a separate ground brought under 12(b)(3) to object to the selection of forum. But PHC does not request a transfer. Nor PHC contends that this Court is not available as a venue. Instead, PHC says, that there are alternative venues available to Pinnacle (Def. Mot., p. 10, ll. 25-26.) And further, PHC contends, other options will also serve as sufficient forums for Pinnacle's claims. (Def. Mot., p. 10, ll. 26-27.)

In other words, PHC concedes that this Court is an option for a forum, but one that is inconvenient, then characterizes it as a fairness issue, thereby attempting to sidestep the minimum requirement for fairness by contending that the maximum protection for convenience is not met. This is an incorrect reading of the law and is inconsistent with this Court's precedent. PHC did not bring a 12(b)(3) motion in its first appearance. PHC did not expressly dispute the forum selection when challenging the alleged defects in the Complaint. And thus, PHC waived its objections to venue. This motion fails on procedure alone.

/ / /

**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**2. In the Event that the Court Rules on the Merits, PHC Falls Squarely Within this Court's Reach.**

In any event, PHC contends, there exists no kind of jurisdiction over PHC because PHC's website, allegedly passive, is not a sufficient allegation and a violation of PHC's due process. But PHC is incorrect in its reading of the law and the Complaint.

First, this Court's proper jurisdiction over PHC does not violate due process.

Second, the Complaint establishes a prima facia case for in personam jurisdiction through distinct facts that are taken as true at this stage of the proceedings.

Third, PHC has not advanced a compelling case as to why this Court's power over PHC is unfair.

Fourth, to the extent that PHC attempts to contravene Pinnacle's jurisdictional facts, Pinnacle still meets the burden of establishing jurisdiction with evidence directly to the contrary.

Thus, PHC's motion should be denied.

**A. PHC Cannot Show a Violation of Due Process**

PHC is correct that this Court's exercise of jurisdiction over PHC must be within the boundaries of due process. PHC contends, however, that it is outside of this Court's reach because the Complaint did not establish jurisdiction over PHC. In this case, the applicable principles of minimum contacts are undisputed.

But PHC has not advanced any argument that Pinnacle failed to allege facts sufficient enough to establish jurisdiction. Instead, PHC takes issue with the facts themselves. Then, in relying heavily on PHC's own account of events, PHC contends that this Court should rule the allegations of the Complaint as incorrect because, PHC asserts, it has "zero" contacts with California. (Def. Mot. p. 5, l. 14) Further, PHC has not advanced any argument why PHC does not purposefully direct its activities to the state of California. The interactivity of a website is not the correct basis for analysis under the purposeful direction test of *Calder*. *Calder v. Jones,* 465 U.S. 783, 104 S. Ct. 1482, 79 L.

9



Ed. 2d 804 (1984). Thus, both contentions are incorrect in its form and substance because PHC's contentions are incorrect in their facts and directly inconsistent with precedent.

First, PHC's determination is not a legal challenge, but a factual one. This Court's precedent requires only that the plaintiff raise enough facts that if true, would support jurisdiction over PHC. If PHC's fact-bound challenges to the legal sufficiency of a complaint is the standard, then any complaint may be dismissed with a declaration to the contrary, therefore rendering the prime facie standard meaningless. For a detailed analysis of facts, please see below.

Second, PHC has contacts in CA. The infringement arises from those contacts. The Complaint contains facts that identify each contact known to Plaintiff. And as the challenged party, Plaintiff can establish this Court's personal jurisdiction over PHC. Because PHC's conduct is within the frame of the *Calder*'s effects test. That test, which PHC does not directly dispute, is the dispositive standard here.

**1) Plaintiff Pinnacle's complaint should not be dismissed because plaintiff's prima facia showing of personal jurisdiction is enough to meet plaintiff's burden where there is no evidentiary hearing.**

PHC contends that this Court lacks jurisdiction to adjudicate this matter because Plaintiff cannot establish jurisdiction over PHC through a website, which, PHC contends, is passive and non-interactive. That argument rests on the incorrect premise that Plaintiff must not only allege but also establish a claim of personal jurisdiction, and that plaintiff's attempt at such a showing is limited to PHC's website only.

But this Court distinguished between a ruling with an evidentiary hearing, which holds jurisdictional allegations true pending proof, versus a ruling without an evidentiary hearing, which holds jurisdictional allegations true on *prima facia* basis. This motion falls within the second situation.

This Court's precedent holds that where a court acts on a rule 12(b)(2) motion to dismiss, and acts without holding an evidentiary hearing, the plaintiff withstands



dismissal if the plaintiff makes a prime facia showing of jurisdictional facts. *Pacific Atlantic Trading Co. v. M/V Main Exp., 758 F.2d 1325, 1327* (9th Cir. 1985); That is, the plaintiff's allegations of fact are sufficient if they support jurisdiction over the defendant when taken as true. That is the case here. Such facts are to be construed in the light most favorable to Pinnacle. *In re JPMorgan Chase Derivative Litig.,* No. 2:13-cv-02414-KJM-EFB, 2014 U.S. Dist. LEXIS 151370 (E.D. Cal. Oct. 23, 2014) citing *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

Here, this Court will be deciding on PHC's motion without an evidentiary hearing. Thus, the issue is whether the facts, construed in the light most favorable to Pinnacle, allege facts sufficient to show the Court's proper jurisdiction over PHC. Pinnacle contends that it does. For a detailed discussion of facts, see below.

**2) Pinnacle can prime facia show this Court's jurisdiction over PHC because PHC purposefully directed its activities to California**

Where an infringer purposefully avails itself to the privilege of acting in California, which then gives rise to a trademark owner's infringement claim, the infringer places itself in a California court's reach. Infringing on a registered trademark is a tortious conduct. As a tort, it falls under Ninth Circuit's purposeful direction analysis. That is the effects test, as described in *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984).

So, Pinnacle must prima facia show the following three:

"1) that PHC committed an intentional act

2) expressly aimed at the forum state

3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 803 (9th Cir. 2004)

/ / /

/ / /

/ / /

/ / /



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**a. PHC purposefully directed its activities to CA because PHC committed an intentional act**

First, Pinnacle can make a prima facia showing that PHC committed an intentional act. Ninth Circuit construes the term "intent" in the context of purposeful direction as "intent to perform an actual, physical act in the real world." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004) A complaint that alleges the marketing and selling of products that infringe on a trademark is a sufficient showing of an intentional act within the meaning of *Calder* test. *Cal. Brewing Co. v. 3 Daughters Brewing Ltd. Liab. Co.,* No. 2:15-cv-02278-KJM-CMK, 2016 U.S. Dist. LEXIS 52344, at *7 (E.D. Cal. Apr. 18, 2016)

Indeed, Pinnacle's Complaint alleges the following: that PHC sold, offered to sell, marketed, advertised services that infringe on Pinnacle's trademark without Pinnacle's authorization (Pl. Compl. ¶ 34); and that PHC's unauthorized use is willful and intentional (Pl. Compl. ¶ 36). PHC does not challenge the allegation that PHC's infringing act was with intent. Thus, Pinnacle meets the burden of a prima facia showing that PHC committed an intentional act.

**b. PHC purposefully directed its activities to California because PHC expressly aimed its intentional act to California.**

Second, Pinnacle can make a prima facia showing that PHC expressly aimed its intentional act to California. "The express aiming analysis depends, to a significant degree, on the specific type of tort or other wrongful conduct at issue." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 807 (9th Cir. 2004). In intellectual property cases, "the Ninth Circuit has held that specific jurisdiction exists where a plaintiff files suit in its home state against an out-of-state defendant and alleges that defendant intentionally infringed its intellectual property rights knowing [the plaintiff] was located in the forum state." *Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1105 (C.D. Cal. 2007).

Consistent with this Court's precedent, Pinnacle alleged the following as part of

**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

its prime facia showing of express aiming; that PHC intentionally infringed Pinnacle's mark with the knowledge of Pinnacle's ownership of the mark (Pl. Compl. ¶ 36); that Pinnacle contacted PHC to notify PHC of PHC infringement's of Pinnacle's mark (Pl. Compl. ¶ 27); and that PHC refused to resolve the matter amicably (Pl. Compl. ¶ 27). Attached as **Exhibit A** is the true and correct copy of a letter from Pinnacle to PHC dated April 21, 2022, establishing Pinnacle's interests in Pinnacle's intellectual property. FRCP 803(15).

PHC expressly aimed its activities at California because PHC knew Pinnacle to be a resident of California.

PHC further expressly aimed its activities at California because PHC knew that in the event of any litigation, the lawsuit would be filed in California.

And PHC also expressly aimed its activities at CA because Pinnacle's trademark registration of the Pinnacle Mark identifies Pinnacle as a resident of CA.

In addition, Pinnacle also properly alleged that despite notifying PHC of Pinnacle's ownership of the Pinnacle Mark (Pl. Compl. ¶ 27); PHC provided its services in California (Pl. Compl. ¶ 27); that PHC makes its services available in California intentionally (Pl. Compl. ¶ 9); that PHC continues to commit tortious acts in CA (Pl. Compl. ¶ 10); and that PHC injured Pinnacle in CA (Pl. Compl. ¶ 10)

Significantly moreover, PHC has not offered any evidence contradicting these allegations. PHC has not denied knowledge of Pinnacle's Trademark registration or location.

In making the prima-facia showing of express aiming, Pinnacle also alleged that PHC used the Pinnacle Trademark to profit from the Pinnacle Trademark (Pl. Compl. ¶ 51); that PHC's use of the Pinnacle Trademark is in direct competition with Pinnacle (Pl. Compl. ¶ 51); that PHC did not reasonably believe that its infringement of the Pinnacle Trademark was lawful (Pl. Compl. ¶ 55); that PHC's infringement of the Pinnacle Trademark diverts internet users looking for Pinnacle to PHC's website (Pl. Compl. ¶ 58); that PHC's infringement of the Pinnacle Trademark attracts consumers by PHC's use of



metatags in various search engines; (Pl. Compl. ¶ 22); that PHC unlawfully uses the Pinnacle Trademark throughout their website and advertisements that promotes and advertises PHC's services under Pinnacle's Pinnacle Trademark (Pl. Compl. ¶ 56) that because both Plaintiff Pinnacle and Defendant PHC each provide employee and payroll assistance services using the exact and full wording of the Pinnacle Trademark "Pinnacle Employee Services" PHC, consumers are likely to be confused (Pl. Compl. ¶ 56); that PHC intentionally profits on the reputation and goodwill associated with the Pinnacle trademark (Pl. Compl. ¶ 58). This is not an exhaustive list of Pinnacle's allegations showing express aiming and PHC's knowledge of Pinnacle's location.

PHC argues to the contrary one reason: that there is no connection between PHC's contacts to California and PHC's relationship with California residents. In other words, PHC contends that the nature of PHC's conduct has no connection to PHC's contacts with California.

In rejecting jurisdiction, PHC relies on *Walden v. Fiore*, 571 U.S. 277, 134 S. Ct. 1115 (2014). But this Court's rightful jurisdiction over PHC is not inconsistent with the ruling of *Walden*. Because in Walden, the Court expressly stated that where the nature of the underlying tort itself is the function that connects a party to California, the analysis falls under the purview of the *Calder* "effects test." *Id.* at 1123-24; see *Calder v. Jones,* 465 U.S. 783, 104 S. Ct. 1482 (1984).

Likewise, consistent with the *Walden* Court, this Court has ruled trademark infringement to be the tortious conduct itself that connects a defendant to California because "likelihood of confusion is a necessary element of trademark infringement" and specific jurisdiction lies where the tortious conduct of infringement itself is what connects defendant to California. *Cal. Brewing Co. v. 3 Daughters Brewing Ltd. Liab. Co.,* No. 2:15-cv-02278-KJM-CMK, 2016 U.S. Dist. LEXIS 52344 (E.D. Cal. Apr. 18, 2016). Indeed, if the rule were otherwise, any infringer could escape jurisdiction where he infringes by pleading ignorance to the actual customer confusion that comes from such an infringement.



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Thus, Pinnacle meets its burden of showing that PHC's infringement was targeted with the knowledge of Pinnacle's location.

**c. PHC purposefully directed its activities to California because PHC caused harm that PHC could foresee the effects in California.**

Finally, Pinnacle prima facia shows that PHC expressly aimed its intentional act to California because PHC could foresee that the harm PHC knew was inflicting, was likely to be suffered in California.

This element is satisfied when a defendant's intentional act has "foreseeable effects" in the forum. *Brayton Purcell LLP v. Recordon & Recordon,* 606 F.3d 1124 (9th Cir. 2010), citing *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1087 (9th Cir. 2000). The cornerstone of foreseeability is found where a defendant "'should reasonably anticipate being hailed into court' in the forum." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199 (9th Cir. 2006), citing, *Burger King*, 471 U.S. at 474.

Indeed, that is the allegation of Pinnacle's Complaint. It was foreseeable that Pinnacle would be harmed by PHC's infringement of the Pinnacle's registered Pinnacle Trademark because PHC intentionally made continued its infringing conduct even after Pinnacle notified PHC of the infringement (Pl. Compl. ¶ 36). It was foreseeable that Plaintiff Pinnacle would be harmed from PHC's infringement of the Pinnacle Trademark in California because PHC knew that Pinnacle was a resident of California. (**Exhibit A**, pg. 1, ¶ 1) And it was foreseeable that PHC would be called to a California court because that is exactly what Pinnacle said to PHC when it notified PHC of its infringement. "If PHC does not stop using the infringing name Pinnacle will have no choice but to file litigation in California." (**Exhibit A**, pg. 3, ¶ 2). Indeed, PHC does not contend to the contrary.

Thus, Pinnacle satisfies the final element of the *Calder* test, and establishes purposeful direction.



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

**3) Pinnacle can prime facia show this Court's jurisdiction over PHC because Pinnacle's claim arises out of PHC's activities in California.**

Step two of specific personal jurisdiction is found in the connection between PHC's infringing acts and the harm those acts caused. Pinnacle makes a *prima facie* showing that Pinnacle's claim would not have arisen but for PHC's contacts with California. *Cal. Brewing Co. v. 3 Daughters Brewing Ltd. Liab. Co.*, No. 2:15-cv-02278-KJM-CMK, 2016 U.S. Dist. LEXIS 52344 (E.D. Cal. Apr. 18, 2016), citing *Ballard*, 65 F.3d at 1500.

Pinnacle satisfies this prong because Pinnacle's infringement claim against PHC arises from PHC's willful use of the Pinnacle's Pinnacle Trademark without Pinnacle's consent by marketing, selling, advertising, and promoting services that reach California consumers. In fact, the harm to Pinnacle's would not have occurred *but for* Pinnacle's infringing acts that contacts California, where Pinnacle is located.

Thus, Pinnacle satisfies the second step in the specific jurisdiction analysis.

**4) Pinnacle can prime facia show this Court's jurisdiction over PHC because PHC failed to present a compelling case that this Court's exercise of jurisdiction over PHC is unfair.**

With the first two prongs satisfied, PHC fails its own shifting burden to present a compelling case that the exercise of jurisdiction is unreasonable. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) In assessing fairness, this Courts have considered the following: (1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Panavision Int'l, Ltd. P'ship v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) citing *Burger King*, 471 U.S. at 476-77.

**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

(1) The extent of PHC's purposeful interjection is what outweighs PHC's contention that jurisdiction is unreasonable. Because PHC knew that Pinnacle was a California resident. PHC knew that if PHC continued its unlawful conduct, PHC would be called to court in California. Yet, PHC continued to use Pinnacle's Pinnacle Trademark to promote PHC's own services that directly compete with Pinnacle. PHC's interjection was intentional and purposeful. Indeed, PHC does not contend why PHC's purposeful interjection weighs in favor of PHC, nor PHC presents any case at all as to this factor, compelling or otherwise.

(2) The burden of PHC, a resident of Delaware, does not create an inconvenience that is so great as to deprive PHC of due process. This is an era of technology. Courts have consistently found that modern means of communication and transportation have lowered the burden of defense of a lawsuit in a distant forum. *Cal. Software, Inc. v. Reliability Research, Inc.*, 631 F. Supp. 1356 (C.D. Cal. 1986). PHC purposefully interjected itself into California when it could foresee that it would be sued in California. In stark contrast, PHC does not allege a compelling case of severe disadvantage, because instead, PHC alleges nothing more than an inconvenience. *See also Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990).

(3) This Court's exercise of jurisdiction in California does not conflict with the sovereignty of California. That is neither disputed, nor the concern of this case. As PHC correctly notes, Pinnacle's allegations rely "wholly on Lanham Act," not "California law" (Def. Mot. p. 10, l. 28). The federal analysis of trademark infringement would be the same in California or Delaware. PHC does not argue otherwise.

(4) "California maintains a strong interest in providing an effective means of redress for its residents tortiously injured." *Gordy v. Daily News, L.P.*, 95 F.3d 829, 836 (9th Cir. 1996) citing *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1200 (9th Cir. 1988). Plaintiff Pinnacle is incorporated and has its principal place of business in California. As a California resident, this factor weighs in Pinnacle's favor. PHC does not argue otherwise.

(5) The efficiency of resolution looks at the location of evidence and witnesses.



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

*Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 129 (9th Cir. 1995). Both Pinnacle and PHC provide their services online. The witnesses and evidence in this litigation are equally accessible to Pinnacle and PHC. Thus, this factor is neutral, and PHC does not contend otherwise.

(6) PHC fails to show why the burden on PHC to litigate in California outweighs Pinnacle's interest in effective and convenient relief. PHC merely contends that PHC is burdened by "having to defend itself in a lawsuit across the country" and "in an unfamiliar forum." (Def. Mot. p. 11, ll. 4-6) If taken as true, the same would be the case for Pinnacle. Thus, PHC does not demonstrate why Pinnacle's interest is outweighed by PHC's own alleged burden.

(7) While Pinnacle concedes to the availability of an alternative forum, Pinnacle's cost and inconvenience of seeking redress elsewhere are no greater than PHC doing the same. Thus, this factor remains neutral.

It is the outcome of these factors that show PHC lacks the basis for asserting unfairness. Nor does PHC present a compelling case to the contrary. In fact, PHC presents no case on the issue.

PHC's motion warrants a denial because Pinnacle makes a showing of facts sufficient to establish personal jurisdiction, and PHC does not present a compelling case to the contrary. A mere inconvenience and a lack of argument on any of the jurisdictional factors does not merit a ruling in its favor.

**5) Allegations directly contravened by evidence are resolved in Pinnacle's favor because the evidence offered is factually conflicting.**

We "may not assume the truth of allegations in a pleading which are contradicted by affidavit," but factual conflicts between dueling affidavits "must be resolved in the plaintiff's favor." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1284 (9th Cir. 1977*", 374 F.3d at 800. Pinnacle requests that this Court gives less weight to the evidence offered by PHC because it is not credible and because Pinnacle can offer its



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

own evidence that is in direct factual conflict.

First, PHC's CEO Eric Krouse writes in his declaration, "as a non-operating holding company, PHC does not use the trademark in question Pinnacle Employee Services." (Def. Mot., Declaration of Eric Krouse ("Krouse Decl."), ¶ 10)

But that is incorrect. Attached as **Exhibit C**, is a true and correct copy of the business records from the United States Patent and Trademark Office. **Exhibit C** is PHC's USPTO application for the exact same trademark as the Pinnacle Trademark, consisting entirely of the words "Pinnacle Employee Services." **Exhibit C** shows that PHC is the owner of the trademark application. And **Exhibit C** also shows that PHC states it has been using the mark "Pinnacle Employee Services" since 2014. **Exhibit C** further shows that PHC filed this application on November 29, 2022. That is one day before PHC's CEO Eric Krouse signed his own declaration on November 30, 2022. Thus, this evidence is not credible. It does not contravene Pinnacle's allegation that PHC is not using the Pinnacle Trademark.

Second, PHC's CEO Eric Krouse writes in his declaration, "PHC does not . . . conduct any business whatsoever in CA." (Krouse Decl. ¶ 6) Mark Pietrowski writes in his own declaration "PHC is a holding company that does not do business on its own." (Def. Mot., Declaration of Mark Pietrowski ("Pietrowski Decl.") ¶ 3) PHC further contends that PHC has not "consummated any transactions" with California. (Def. Mot. p. 10, l. 5)

But that is incorrect. Attached is **Exhibit D**, is a true and correct copy of the Associated Press article dated March 29, 2022. **Exhibit D** shows that PHC and its wholly owned subsidiaries are in partnership with a California corporation, Docupace Technologies, "headquartered in Los Angeles, CA." **Exhibit D** also shows that PHC is named nation's one of the fastest growing companies and intends to deliver across-the-board efficiencies for its affiliates. Thus, this evidence is not credible. It does not contravene Pinnacle's allegation that PHC does business in California.

PHC's evidence is further incorrect because Pinnacle can offer proof of PHC's

19

business transactions in California. Attached as **Exhibit E** is a true and correct copy of FINRA BrokerCheck Report. **Exhibit E** shows that PHC's subsidiary has been registered to operate in California since June 13, 2007. Given that for the purposes of personal jurisdiction, the actions of an agent are attributable to the principle, PHC's contention that it does not engage in any business in California is directly contravened. *See Wells Fargo & Co. v. Wells Fargo Express Co.,* 556 F.2d 406, 419 (9th Cir. 1977)

Third, PHC contends that PHC's website is wholly passive (Def. Mot. p. 2, l. 19), that members of the general public cannot interact with PHC's website (Def. Mot. p. 2, ll. 18-19), that the visitors of the website cannot subscribe to any services, (Def. Mot. p. 10, l. 7) and that the visitors of the website cannot engage in any commercial activity unless they're existing clients (Def. Mot. p. 10, ll. 7-8). Each contention is incorrect.

Attached as **Exhibit F** is a true and correct copy of the screenshots from PHC's website, dated December 16, 2022. PHC's website allows the general public, including the residents of California to, send PHC their personal contact information, the information about their business, information about the number of the employees belonging to the visitor's business, an option to send PHC a message, and sign up for PHC's mailing and advertisement. The definition of the term passive itself is accepting an act without an active response. If a visitor is allowed a chance to receive a substantive response from PHC through the website, PHC's website cannot be active by default. If a visitor is allowed an opportunity to notify PHC of the details of their business with a chance to receive a response and a routine mailing and advertisement from PHC, a visitor is interacting with PHC by definition.

In any event, the domain name of the Website pinnacleemployeeservices.com is the very infringement itself. And it is the nature of Pinnacle's claim that forms the connection between PHC's infringing conduct and the confusion PHC knowingly causes in California. This, as numerous courts have also found, creates jurisdiction over PHC with proper due process. Thus, PHC's evidence is directly contradicted by Pinnacle's evidence, the conflict of which is naturally resolved in Pinnacle's favor.



**B. A holding for the absence of personal jurisdiction satisfies one of two of the requirements for in rem jurisdiction.**

In the alternative, Pinnacle requests this Court to exercise its power of in rem jurisdiction over PHC if the Court holds that personal jurisdiction cannot be met. If Pinnacle is "not able to obtain *in personam* jurisdiction over a person who would have been a defendant" in an action under the Anticybersquatting Consumer Protection Act, then "[t]he [mark] owner may file an in rem civil action against a domain name in the judicial district in which the domain name registrar [or] domain name registry . . . is located. §1125(d)(2)(A). Two elements are required in pleading in rem jurisdiction. The pleader must show (1) a substantive case and (2) a lack of personal jurisdiction. 15 U.S.C. § 1114(1); § 1125(a)-(d*); see Agri-Supply Co. v. Agrisupply.com*, 457 F. Supp. 2d 660 (E.D. Va. 2006)

Pinnacle presented a substantive case, which includes infringement, unfair competition, and cybersquatting of a registered trademark. In its Complaint, Pinnacle alleged in detail the parties, the facts, the jurisdiction, each element to each cause of action alleged, and each request for a remedy. PHC does not dispute otherwise, nor Pinnacle's substantive case is the issue before this Court's today. Thus, in the event that this Court does not exercise *in personam* jurisdiction over PHC, then the second prong to *in rem* jurisdiction is met. Thus, Pinnacle asks this Court to reach PHC by exercising in rem jurisdiction under the Lanham Act.

**C. In the alternative, Pinnacle Requests Leave to Propound Jurisdictional Discovery.**

In the event that this Court doubts any aspect of the jurisdictional facts, Plaintiff moves for leave to propound limited jurisdictional discovery to test the factual allegations made by PHC.

The pertinent rule is found FRCP 11: "[t]he factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." FRCP 11(3). Jurisdictional

K&D
LLP
KROGH & DECKER
ATTORNEYS AT LAW

discovery should ordinarily be granted "where pertinent facts bearing on the question of jurisdiction are controverted . . . or where a more satisfactory showing of the facts is necessary." *Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n. 24 (9th Cir. 1977) (holding that district court abused its discretion in refusing to grant jurisdictional discovery).

A limited jurisdictional discovery is proper because PHC's motion to dismiss conflicts with Pinnacle's ability to assert jurisdictional facts that reside solely in the hands of PHC where information found in the public domain is limited. When PHC, the adverse party denying jurisdiction, supplies facts in the form of an affidavit or other material to the court, the disadvantage to Pinnacle asserting jurisdiction is magnified. Limited discovery on the jurisdictional facts would enable Pinnacle to establish the facts necessary to meet both the long-arm statute and the constitutional limits of the exercise of personal jurisdiction.

With no formal opportunity to respond to new evidence submitted by PHC, Pinnacle, respectfully requests this Court an opportunity for jurisdictional discovery.

### D. Plaintiff's Mark are Valid and Presumed Valid Because PHC Fails to Show That Mark Is Unprotectable.

PHC next contends, without relying on a single ground enumerated in 15 U.S.C. 1115(b), that Pinnacle's Trademark is invalid. That is incorrect. First, PHC has no statutory basis for such an allegation. Second PHC has shown no evidence in support of its allegation. And third, Pinnacle submits the affidavit of Michael Allen with this opposition, showing the proper registration and the validity of the Pinnacle Trademark once again.

Federal registration endows a trademark with a "strong presumption" of validity and shifts the burden to the defendant "to show by a preponderance of the evidence that the mark is not protectable." *Baja Ins. Servs. v. Shanze Enters.*, No. 2:14-CV-02423-KJM-AC, 2016 U.S. Dist. LEXIS 43994 (E.D. Cal. Mar. 31, 2016), *citing Zobmondo Entm't, LLC v. Falls Media*, LLC, 602 F.3d 1108, 1113-14 (9th Cir. 2010); *see* 15 U.S.C. §§ 1057(b), 1115(a). Pinnacle's trademark registration with the USPTO "constitute[s] 'prima facie

evidence' of the validity of the registered mark and of the registrant's exclusive right to use the mark on the goods and services specified in the registration." *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1390 (9th Cir. 1993) (quoting 15 U.S.C. § 1115(a)).

Attached as **Exhibit G**, is the true and correct copy of the declaration of Michael Allen in support of Pinnacle's opposition papers. Here, Pinnacle submits the following evidence in support of the continuing valid and proper registration of the Pinnacle Trademark: that Pinnacle Trademark has been registered with the USPTO since April 12, 2022 (Exhibit G, ¶ 3); that Pinnacle Trademark cannot file a status of incontestability because it has not been in five years since the date of its registration (Exhibit G, ¶ 4); that Plaintiff Michael Allen is the current owner of the Pinnacle Trademark (Exhibit G, ¶ 3); that Plaintiff Michael Allen has been the owner of the Pinnacle Trademark since its date of registration (Exhibit G, ¶ 3); that Plaintiff Michael Allen is the owner of the company Plaintiff Pinnacle (Exhibit G, ¶ 2); that Plaintiff Michael Allen has given its company Pinnacle the permission to use and enforce the rights of the Pinnacle Trademark (Exhibit G, ¶ 5); that no other entity is permitted to use the Pinnacle Trademark as of the date of Michael Allen's declaration (Exhibit G, ¶ 5). PHC has not offered any evidence to the contrary. Thus, PHC's 12(b)(6) motion to dismiss should be denied.

## IV. CONCLUSION

For the foregoing reasons, the motion to dismiss should be denied. As PHC has made a General Appearance in this Court through its filings, as PHC has waived Venue through its failure to raise the issue in their pleadings, and as Pinnacle established *in personam* jurisdiction over PHC;

WHEREFORE, Plaintiff Pinnacle prays that the Court:

1)      Deny the above-entitled motion;

2)      Permit this matter to remain pending through adjudication on the merits;

**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

3)     Award attorney fees and costs to Plaintiff for the preparation and prosecution of opposition to the above-entitled motion,

4)     For all other relief as the Court deems fair and just.

DATED: December 19, 2022                    **KROGH & DECKER, LLP**

BY: ___/s/ Cagil Arel_____
   DEREK C. DECKER
   ÇAĞIL AREL
   Attorneys for Plaintiffs,
   Pinnacle Employee Services, Inc.
   Michael Allen



**PLAINTIFF PINNACLE EMPLOYEE SERVICES, INC. AND MICHAEL ALLEN'S OPPOSITION BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO DISMISS**