UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pinnacle Employee Services, Inc., et al., | No. 2:22-cv-01367-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| Pinnacle Holding Co., LLC, | |
| Defendant. | |

Plaintiffs Pinnacle Employee Services, Inc. (PES) and Michael Allen bring this trademark infringement action against defendant Pinnacle Holding Company, LLC (PHC). PHC moves to dismiss for lack of personal jurisdiction and for failure to state a claim because plaintiffs' federal trademark registration is void. Plaintiffs oppose, and in the alternative request jurisdictional discovery. Because PHC does not have minimum contacts with California, the court cannot exercise jurisdiction over it.[1] However, since the facts bearing on jurisdiction are in PHC's sole possession, the court **grants plaintiffs' request for limited jurisdictional discovery**.

---

[1] Because the jurisdictional issue resolves the motion, the court does not address PHC's argument for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. at 11–13; Opp'n at 22–23.

## I.   BACKGROUND

Plaintiffs PES and its chief corporate officer Michael Allen "provide payroll services and human resources support to many business owners" in Northern California. Compl. ¶ 12, ECF No. 1. Allen is the owner and registrant of a United States trademark consisting of the phrase "Pinnacle Employee Services," *id.* ¶ 15, which he assigned to PES in April 2022, *id.* ¶ 16. For nearly a decade, plaintiffs have used this trademark in their business, including in online advertising. *Id.* ¶¶ 18–19.

Plaintiffs discovered PHC uses this trademark without authorization to promote the same services plaintiffs offer. *Id.* ¶¶ 21–22. They learned PHC facilitates sales by using the mark, including through the domain name <PinnacleEmployeeServices.com>. *Id.* ¶ 24. In response to this unauthorized use, plaintiffs notified PHC of the infringement on numerous occasions, and after PHC refused to stop using the mark, plaintiffs brought this trademark infringement action against PHC. *Id.* ¶¶ 27–30.

PHC moves to dismiss the action for lack of personal jurisdiction and for failure to state a claim because the trademark registration is void. *See* Mot., ECF No. 18-1. Attached to its motion, PHC includes declarations from two executives. *See* Krouse Decl., ECF No. 18-2; Pietrowski Decl., ECF No. 18-3. Eric Krouse, Chief Operating Officer of PHC, declares PHC is a holding company that engages in no business of its own, is incorporated in Delaware, headquartered in New York, and does no business or marketing and otherwise has no presence in California. Krouse Decl. ¶¶ 1–7. He further declares PHC does not use the trademark, but admits one of its wholly owned subsidiaries, Pinnacle Employee Services, LLC (PES LLC), does. *Id.* ¶¶ 8–11.

Mark Pietrowski, Chief Executive Office of PES LLC, declares PES LLC is a Delaware company with its principal place of business in New York that has no California clients and has never done business west of the Mississippi River. Pietrowski Decl. ¶¶ 7–9. He also admits PES LLC uses the allegedly infringing domain name and explains the website is passive, offers general information to visitors, and provides contact information so visitors can reach out to the company. *Id.* ¶¶ 10–11. Although the website has an interactive component for clients, that

2

portion of the website is inaccessible to the public, and no California resident has ever registered as a user of the secure portal. *Id.* ¶¶ 12–14.

Plaintiffs oppose PHC's motion to dismiss. *See generally* Opp'n, ECF No. 19. They present evidence, including a cease-and-desist letter sent to PHC, *see* Ex. A, ECF No. 19-1, a news article about a collaboration between a California company and a PHC subsidiary, *see* Ex. D, ECF No. 19-1, and disclosure filings showing a PHC subsidiary is registered to do business in California, *see* Ex. E, ECF No. 19-1. They also submit images of the PHC website, <PinnacleEmployeeServices.com>, which shows a "Contact Us" portal allowing visitors to submit a message to PES LLC. *See* Ex. F, ECF No. 19-1.

PHC's motion is fully briefed. *See* Mot.; Opp'n; Reply, ECF No. 21. The court submitted it without hearing oral arguments. *See* Min. Order, ECF No. 22.

## II.   JURISDICTION

No federal statute governs personal jurisdiction in this case, so the court must determine whether California courts could exercise jurisdiction over PHC. *See Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1106 (9th Cir. 2020). California authorizes its courts to exercise jurisdiction "to the full extent permissible under the U.S. Constitution[.]" *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). As a result, this court's personal jurisdiction turns on the limits of the Fourteenth Amendment's Due Process Clause. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011).

Since *International Shoe Co. v. Washington*, federal courts have assessed whether the exercise of jurisdiction comports with the Due Process Clause by determining if the defendant had "minimum contacts" with the forum state, "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." 326 U.S. 310, 316 (1945) (quotation and marks omitted). "In giving content to that formulation, the Court long focused on the nature and extent of 'the defendant's relationship to the forum State.'" *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (quoting *Bristol-Meyers Squibb Co. v. Super. Ct. of Cal., S.F. Cty.*, 582 U.S. 255, 262 (2017)).

The Supreme Court has recognized two forms of personal jurisdiction: general jurisdiction and specific jurisdiction. *See id.* "In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). Here, plaintiffs do not claim PHC is subject to general jurisdiction. *See* Compl. ¶ 7; *see generally* Opp'n. Instead, they contend the court can exercise specific jurisdiction over PHC due to minimum contacts with California.[2] *See* Opp'n at 12–19. Alternatively, they argue the court can exercise *in rem* jurisdiction over the allegedly infringing domain name under the federal Anticybersquatting Consumer Protection Act (ACPA). *See id.* at 21. Lastly, they seek jurisdictional discovery if the court finds there is no personal jurisdiction. *See id.* at 21–22. The court takes these arguments in turn.

**A.  Specific Jurisdiction**

In the Ninth Circuit, courts use a three-part test to determine whether the defendant's contacts with the state suffice. *See LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022). First, the plaintiff must show the out-of-state defendant purposely directed activities to the forum state, conducted business with the forum or its residents, or otherwise "purposefully avail[ed] [them]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws[.]" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)). Second, the claim must "arise[] out of or relate[] to the defendant's forum-related activities[.]" *Id.* Third, the exercise of jurisdiction must be reasonable. *Id.* The plaintiff bears the burden of establishing the first two prongs, after which the burden shifts to the defendant to show the

---

[2] At the outset, plaintiffs argue PHC's motion is based on venue, not personal jurisdiction, and thus the court should deny the motion as procedurally improper. *See* Opp'n at 8 ("PHC's assertions under the guise of personal direction [sic] are, in fact, a challenge to the venue[.]"). This argument is unpersuasive. The motion was properly noticed as a motion under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), and in its memorandum, PHC argues there is no personal jurisdiction over it. *See generally* Mot. Although it is true PHC contends jurisdiction over it would be inconvenient, this consideration is part of the reasonableness prong of the specific jurisdiction analysis. Further, PHC relies on applicable personal jurisdiction precedent. The court finds the motion properly advances an attack on personal jurisdiction, not venue.

1    exercise of jurisdiction would be unreasonable. *See Axiom Foods, Inc. v. Acerchem Int'l, Inc.*,
2    874 F.3d 1064, 1068–69 (9th Cir. 2017).

3          The subject matter of the suit determines how the first prong is applied and assessed.  For
4    suits that "sound in tort," like trademark infringement, the Ninth Circuit uses the "purposeful
5    direction" test. *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020) (quotation
6    marks omitted).  To show purposeful direction, the defendant must "allegedly have (1) committed
7    an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant
8    knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (quoting
9    *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) and citing *Calder v. Jones*,
10   465 U.S. 783 (1984)).  These contacts with the forum must not be "random, isolated, or
11   fortuitous." *Ford Motor Co.*, 141 S. Ct. at 1025 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S.
12   770, 774
13   (1984)).  Instead, the contacts "must show that the defendant 'deliberately reached out' beyond its
14   home." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)).

15         Here, plaintiffs do not show PHC's challenged conduct was expressly aimed at California,
16   and so this element of the personal jurisdiction analysis is dispositive.  Although plaintiffs raise a
17   bevy of arguments in their opposition, their filing boils down to relying on three contacts that
18   purportedly permit the court to exercise personal jurisdiction over PHC.  First, they point to
19   intentional trademark infringement after PHC knew plaintiffs were in California.  *See* Opp'n at
20   13.  Second, they claim the <PinnacleEmployeeServices.com> website is an interactive website
21   conferring jurisdiction.  *See* Opp'n at 14, 20.  Third, they put forward general allegations of in-
22   state conduct.  *See* Opp'n at 13.  None of these is sufficient for personal jurisdiction.  As the court
23   explains below, the first two contacts are insufficient for purposeful direction, and the third is
24   contradicted by PHC's declarations and otherwise unrelated to this lawsuit.  *See Mavrix Photo,*
25   *Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (explaining courts "may not
26   assume the truth of allegations in a pleading which are contradicted by affidavit, [although they]
     resolve factual disputes in the plaintiff's favor" (internal citation and marks omitted)).

**1.      Intentional Trademark Infringement**

First, plaintiffs claim PHC intentionally infringed the trademark, while knowing plaintiffs were California residents, and thereby expressly aimed its activities at California. Opp'n at 13. Plaintiffs aver they "notified Defendant of Defendant's infringement and unlawful use of the Pinnacle Trademark and the Domain Name," Compl. ¶ 27, and PHC effectively concedes receipt of a cease-and-desist letter in its reply brief, *see* Reply at 1. It is thus uncontroverted PHC continued to purportedly infringe on plaintiffs' trademark, knowing plaintiffs were California residents who foreseeably would be "harmed by PHC's infringement" and, as plaintiffs argue, knowing "in the event of any litigation, the lawsuit would be filed in California." Opp'n at 13, 15. However, as PHC points out in its reply, the U.S. Supreme Court foreclosed plaintiffs' argument in *Walden* when it held a defendant's knowledge of plaintiff's strong contacts with the forum do not provide personal jurisdiction; the inquiry must focus on defendant's own contacts. 571 U.S. at 289–90.

Plaintiffs rely on pre-*Walden* caselaw to argue their own contacts are sufficient in the Ninth Circuit. *See* Opp'n at 14 (citing *Cal. Brewing Co. v. 3 Daughters Brewing Ltd. Liab. Co.*, No. 15-2278, 2016 WL 1573399, at *3–4 (E.D. Cal. Apr. 19, 2016)). *Cal. Brewing* was a prior decision by the undersigned, and it relied on an express aiming theory called "individualized targeting." 2016 WL 1573399, at *3. Under that theory, specific jurisdiction exists when a plaintiff sues an out-of-state defendant in plaintiff's home state alleging defendant intentionally infringed intellectual property rights and knew plaintiff was in the forum. *See id.* The Ninth Circuit abrogated that theory in *Axiom Foods* and found that individualized targeting, on its own, no longer satisfies the express aiming prong. 874 F.3d at 1069–1070. There, the Circuit explained individualized targeting is inconsistent with *Walden* because it focuses only on the plaintiff's contacts and the relationship between plaintiff and defendant, rather than the defendant's own contacts. *Id.* As a result, it concluded "more" is needed than "the defendant's knowledge of a plaintiff's connections to a forum." *Id.* at 1070. After *Walden* and *Axiom Foods*, this court cannot conclude PHC expressly aimed its conduct at California just because it knew plaintiffs resided there when it infringed their trademark. *See Entrepreneur Media, Inc. v. Rugger*

6

1  *Entrepreneur*, No. 21-0390, 2021 WL 4497891, at *5 (C.D. Cal. July 14, 2021) ("[Plaintiff's]
2  ability to demonstrate that Defendants knew [Plaintiff's] principal place of business was in
3  California and continued to infringe upon [Plaintiff's] mark cannot alone establish personal
4  jurisdiction or satisfy the expressly aiming prong."); *see also IAND8, Inc. v. W. 54th LLC*, No.
5  17-8206, 2018 WL 4961557, at *4 (C.D. Cal. Jan. 26, 2018) ("Plaintiff's theory—that the Court
6  has personal jurisdiction because they sent a cease and desist letter to Defendants—would have
7  breathtaking implications if applied. Under Plaintiff's theory, a New York or Miami court would
8  also have jurisdiction over this case if Plaintiff simply sent a cease and desist letter saying that
9  they were being affected in those jurisdictions.").

**2.     The Website**

11  Second, plaintiffs argue PHC's website itself confers personal jurisdiction. Opp'n 13–14.
12  They aver PHC's website, at the domain name <PinnacleEmployeeServices.com>, is a
13  "sophisticated" site accepting "customer contact and sign-up," as well as "direct payment" for
14  services. Compl. ¶ 25. Without citing precedent, plaintiffs claim the website attracts and
15  advertises to internet users, which is a sufficient contact with California for personal jurisdiction.
16  Opp'n 13–14. This argument also is unavailing under binding precedent.
17  The Ninth Circuit uses a sliding scale approach to determine whether the operation of a
18  website confers personal jurisdiction in the forum: an interactive website with sufficient
19  commercial exchange of information can be sufficient, whereas a passive website is not because
20  "something more" than advertisement is needed. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414,
21  418 (9th Cir. 1997). In *Cybersell*, the website was "an essentially passive home page" accessible
22  to anyone to "learn about the services offered," with an option to indicate interest in those
23  services. *Id.* at 419. There was no evidence defendant Cybersell encouraged people in the forum
24  to access its site, nor evidence any forum residents signed up for services. *Id.* The Circuit thus
25  concluded operation of this passive website was insufficient for personal jurisdiction. *Id.*
26  Similarly, in *Pebble Beach v. Caddy*, the Circuit concluded a website that only provided general
27  information about the services, prices, and provided an online inquiry form was passive, and thus
28  could not confer personal jurisdiction. 453 F.3d 1151, 1154, 1157 (9th Cir. 2006).

7

Here, PHC's website is functionally indistinguishable from the websites in *Cybersell* and *Pebble Beach*. In a declaration filed with PHC's motion, the CEO of its subsidiary PES LLC declares the website is "a general informational website . . . [that] provides information about PES LLC and its services, and provides contact information so that people can reach out to PES LLC for further information." Pietrowski Decl. ¶ 11. He explains the website does include an interactive component for clients who have hired PES LLC, but that feature is inaccessible to non-clients, PES LLC does not have any clients in California, and no California resident has ever registered as a user of the portal. *Id.* ¶¶ 13, 14. In response, plaintiffs say the website cannot be passive because it allows the general public to send an inquiry to PHC. Opp'n at 20. However, this response is unpersuasive in light of the fact the websites in *Cybersell* and *Pebble Beach* also had inquiry forms; the Circuit concluded that feature did not render the sites interactive. Indeed, if a "contact us" page alone meant a website served as a sufficient minimum contact, then nearly "every complaint arising out of alleged trademark infringement on the Internet would automatically result in personal jurisdiction wherever the plaintiff's principal place of business is located." *Cybersell*, 130 F.3d at 420. "Operating a universally accessible website alone cannot satisfy the express aiming prong." *Sky Optic, Inc. v. AreaTrend, LLC*, 843 F. App'x 66, 68 (9th Cir. 2021) (unpublished).

### 3.   In-Forum Conduct

Lastly, plaintiffs assert PHC is subject to this court's personal jurisdiction because it provides its services in California and engages in in-state conduct. Opp'n at 13; *see, e.g.*, Compl. ¶¶ 8 ("Defendant provides detailed and personalized services in the United States and California . . . ."), 10 ("Defendant remains in direct contact with customers located in California. Defendant has and continues to commit tortious acts in California . . . ."). However, these allegations are insufficient for personal jurisdiction to adhere for two reasons. First, plaintiffs must meet the plausibility pleading standard laid out in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which the Ninth Circuit has adopted for "personal jurisdiction questions," *Fiore v. Walden*, 688 F.3d 558, 575 (9th Cir. 2012), *rev'd on other grounds*, 571 U.S. 277 (2014). Under that standard, "factual allegations" are assumed to be true, but "conclusions" are not. *Iqbal*,

8

1   556 U.S. at 678. As a result, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). Plaintiffs' general statement that PHC provides services in California is unsupported by specific factual allegations, and thus does not satisfy their pleading burden.

Second, even if these allegations were sufficient to meet plaintiffs' pleading burden, they are controverted by declarations filed with PHC's motion. *See* Krouse Decl.; Pietrowski Decl. PHC COO Krouse declares PHC conducts no business in California, is not registered to do business in California, has never advertised or solicited business in California, and is a holding company for subsidiaries. Krouse Decl. ¶¶ 4, 6, 7. As noted, PES LLC is one of PHC's subsidiaries. *Id.* ¶ 11. It operates the allegedly infringing website. Pietrowski Decl. ¶ 10. But Pietrowski declares PES LLC has no clients in California, no employees in California, has never entered into contracts in California, has never done or sought to do business in California, and has never advertised or marketed in California. *Id.* ¶¶ 7–9. In fact, Pietrowski claims it has no clients west of the Mississippi River. *Id.* ¶ 7.

Because this court cannot assume the truth of allegations contradicted by evidence, *see Mavrix Photo*, 647 F.3d at 1223, plaintiffs must produce countervailing evidence of PHC and/or PES LLC's California contacts to prevail here. They do not do so. Instead, they present evidence that a different subsidiary of PHC does business in California. *See* Opp'n at 19–20. These documents show this subsidiary, called Pinnacle Investments, LLC, is reported to be in business with a California financial-technology company and is registered to do business in California. *See* Ex. D; Ex. E. This evidence misses the mark for a couple reasons. First, it does not show PHC does business in California, as plaintiffs aver in their complaint, nor that PHC or PES LLC have California clients. Second, assuming without deciding a subsidiary's contacts can be imputed to a holding company for specific jurisdiction purposes, plaintiffs do not allege this investment subsidiary is related to the trademark infringement. Thus, even if this California conduct shows purposeful direction, it cannot pass the second prong of the personal jurisdiction analysis: the claim must arise out of or relate to the in-forum conduct. If the only contact with the

forum is Pinnacle Investments, LLC's business in California, and that business does not infringe on plaintiffs' trademark, then that business cannot confer personal jurisdiction over PHC for the purposes of this trademark infringement action.

In sum, plaintiffs have not shown this court can exercise personal jurisdiction over PHC.

### B.     In Rem Jurisdiction

In the alternative, plaintiffs ask the court to exercise *in rem* jurisdiction over PHC under the federal Anticybersquatting Consumer Protection Act (ACPA). Opp'n at 21. The court cannot grant this request, under the plain terms of the Act. Under the ACPA, a federal district court can exercise *in rem* jurisdiction over "a domain name" that infringes a trademark. 15 U.S.C. § 1125(d)(2)(A). The Act does not permit this court to exercise jurisdiction over PHC because PHC is a company, not a domain name. The court's jurisdiction under the ACPA would be limited to the infringing domain name: here, presumably, <PinnacleEmployeeServices.com>.

However, even if the court interpreted plaintiffs' opposition to request the exercise of jurisdiction over the domain name, the court still could not grant the request. As PHC points out, *see* Reply at 6–7, a court can only exercise *in rem* jurisdiction under the ACPA when the court finds either (a) personal jurisdiction could not be exercised over a person who would have been the defendant in the action, or (b) after due diligence, the person who would have been a defendant could not be found, *see* 15 U.S.C. § 1125(d)(2)(A)(ii).

Here, plaintiffs argue the court could exercise *in rem* jurisdiction so long as it does not exercise personal jurisdiction over PHC. Opp'n at 21. This mischaracterizes the requirements under the ACPA. It is when "there is no *in personam* jurisdiction in any judicial district of the United States" that plaintiffs "may proceed *in rem* against the allegedly infringing domain name." *Off. Depot Inc. v. Zuccarini*, 596 F.3d 696, 702 (9th Cir. 2010). The fact this court does not have personal jurisdiction over PHC does not necessarily preclude other districts from exercising jurisdiction. Moreover, PHC's declaration appears to foreclose this court's exercise of *in rem* jurisdiction over the allegedly infringing domain name. Krouse declares PHC is incorporated in Delaware and headquartered in New York, *see* Krouse Decl. ¶ 3; as a result, federal courts in Delaware and New York could presumably exercise personal jurisdiction over PHC, *see Daimler*

10

*AG*, 571 U.S. at 119 ("The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business."). In addition, plaintiffs do not claim they are unaware of the proper defendant, as they have identified and sued PHC.

In short, this court cannot exercise *in rem* jurisdiction over either PHC or the allegedly infringing domain name.

### C. Discovery Request

Anticipating this court's conclusion, plaintiffs seek leave to conduct "limited jurisdictional discovery to test the factual allegations made by PHC." Opp'n at 21. District courts are vested with "broad discretion" to permit or deny jurisdictional discovery. *United Food & Com. Workers v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). Such discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto*, 539 F.3d at 1020 (quoting *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)). But a request "based on little more than a hunch" is insufficient. *Id.* If the evidence sought would not "change the analysis," then discovery is not warranted. *Sky Optic*, 843 F. App'x at 69.

Plaintiffs seek limited jurisdictional discovery because the facts bearing on jurisdiction are "solely in the hands of PHC," leaving them unable to present countervailing evidence. Opp'n at 22. In its reply brief, PHC does not address plaintiffs' argument for jurisdictional discovery, other than noting it would be "a waste of . . . time and resources" to not resolve the motion or proceed immediately to an evidentiary hearing. Reply at 4.

Although there is no reason in the record at this point to disbelieve PHC's declarations, there is also no reason to disbelieve plaintiffs' representation that they are unable to verify the declarations' contested facts. Plaintiffs thus have shown they require limited discovery to test the veracity of those controverted facts bearing on jurisdiction. Moreover, they have shown at least one PHC subsidiary does business in California based on publicly available information, raising an inference PHC might be shown to have minimum contacts on a more developed record.

The court **grants** plaintiffs' request for limited jurisdictional discovery.  Discovery is confined to the narrow scope of whether facts put forward in PHC's declarations are true, including the extent of PHC's contacts with California.

### III.   CONCLUSION

Plaintiffs have not established the court has personal jurisdiction over PHC.  Because plaintiffs have established a more satisfactory showing of the facts is necessary, the court **grants limited jurisdictional discovery** confined to the scope of the information provided in PHC's declarations.

**Jurisdictional discovery shall be completed within 60 days of the filing date of this order.**  "Completed" means not only that discovery itself is concluded, but also that any discovery disputes are fully resolved.  Motions regarding discovery shall be noticed before the Magistrate Judge, as provided by Local Rule 302(c).  Plaintiffs may seek leave to amend their complaint following the completion of jurisdictional discovery, with **any motion seeking leave filed by 14 days after the discovery deadline**.  The Status (Pretrial Scheduling) Conference is **set for July 27, 2023**, with the filing of a joint status report due fourteen days prior.

This order resolves ECF No. 18.

IT IS SO ORDERED.

DATED:  April 17, 2023.

CHIEF UNITED STATES DISTRICT JUDGE