UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pinnacle Employee Services, Inc., a California corporation; Michael Allen, an individual,<br><br>                    Plaintiffs,<br><br>    v.<br><br>Pinnacle Holding Company, LLC, a Delaware limited liability company; Pinnacle Employee Services, LLC, a Delaware limited liability company; Pinnacle Investments, LLC, a New York limited liability company; DOES 1-50, inclusive,<br><br>                    Defendants. | No. 2:22-cv-01367-KJM-CKD<br><br>ORDER |

Plaintiffs Pinnacle Employee Services, Inc. (PES INC) and Michael Allen bring this trademark infringement action against defendants Pinnacle Holding Company (PHC), Pinnacle Employee Services, LLC (PES LLC), Pinnacle Investments, LLC (PI) and DOES 1-50.[1] Defendants PHC, PES LLC and PI (collectively Defendants) move to dismiss for lack of personal

---

[1] If defendants' identities are unknown when the complaint is filed, plaintiffs have an opportunity through discovery to identify them. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But the court will dismiss such unnamed defendants if discovery clearly would not uncover their identities or if the complaint would clearly be dismissed on other grounds. *Id.* at 642. The federal rules also provide for dismissing unnamed defendants that, absent good cause, are not served within 90 days of the complaint. Fed. R. Civ. P. 4(m).

1

1    jurisdiction and for failure to state a claim because plaintiffs' federal trademark registration is
2    invalid.  Plaintiffs' counsel also moves to withdraw.  For the reasons discussed below, the court
3    **grants defendants' motion to dismiss for lack of personal jurisdiction** and **denies the motion**
4    **to withdraw as moot**.

5    **I.    BACKGROUND**

6          PES INC is a California corporation and Allen serves as its chief corporate officer and
7    president.  First Am. Compl. (FAC) ¶ 3, ECF No. 33.  Plaintiffs provide payroll services and
8    human resources support to business owners in Northern California.  *Id.*  Allen is the owner and
9    registrant of a United States trademark consisting of the phrase "Pinnacle Employee Services,"
10   which Allen assigned to PES INC in April 2022.  *Id.* ¶ 37.

11         In August 2022, plaintiffs filed a trademark infringement action against defendant PHC.
12   *See generally* Compl., ECF No. 1.  PHC then moved to dismiss the action for lack of personal
13   jurisdiction and for failure to state a claim.  *See* Prior Mot., ECF No. 18.  After the motion was
14   fully briefed, the court questioned whether it had jurisdiction because PHC did not have the
15   requisite minimum contacts with California.  *See* Prior Order (Apr. 17, 2023), ECF No. 24.
16   However, the court allowed plaintiffs to conduct limited jurisdictional discovery, *see id.*, and later
17   granted plaintiffs leave to file an amended complaint, *see* Prior Order (Aug. 23, 2023), ECF No.
18   32.

19         Plaintiffs' amended complaint names as defendants PHC, a limited liability company
20   incorporated in Delaware, and two of its wholly owned subsidiaries—PES LLC and PI.  *See* FAC
21   ¶¶ 4–6.  PES LLC and PI are limited liability companies incorporated in Delaware and New York
22   respectively.  *Id.* ¶¶ 4–5.  PES provides payroll, human resources and employee benefits
23   assistance, while PI is a dually registered broker-dealer/investment advisor.  *Id.*  Plaintiffs allege
24   defendants either "directly or through entities subject to their direction and control" are using the
25   same name and offering the exact same services.  *Id.* ¶ 44.

26         In accordance with Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), defendants
27   move to dismiss the action for lack of personal jurisdiction and for failure to state a claim.  Mot.,

1  ECF No. 37.  Defendants' motion is fully briefed.  *See* Opp'n., ECF No. 38[2]; Reply, ECF No. 40.
2  Plaintiffs' counsel has also filed a motion to withdraw.  *See* Mot. to Withdraw (MTW), ECF No.
3  39.  Defendants filed a response to plaintiffs' motion, Response, ECF No. 41, and plaintiffs have
4  replied, MTW Reply, ECF No. 42.
5        This court heard arguments on December 8, 2023.  Michael Croddy appeared for plaintiffs
6  and Corey Donaldson and Morgan Lynch appeared for defendants.  *See* Mins. Hr'g, ECF No. 45.
7  At plaintiffs' counsel's request, the court first heard arguments related to defendants' motion to
8  dismiss before turning to the motion to withdraw.

9  **II.    LEGAL STANDARD**

10       Under Federal Rule of Civil Procedure 12(b)(2), defendants may move to dismiss for lack
11 of personal jurisdiction.  While the plaintiff bears the burden of showing that the court has
12 personal jurisdiction over the defendant, the court "resolves all disputed facts in favor of the
13 plaintiff."  *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006) ( citation
14 omitted).  The court may consider evidence presented in affidavits in determining personal
15 jurisdiction.  *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).
16 "The plaintiff cannot simply rest on the bare allegations of its complaint, but uncontroverted
17 allegations in the complaint must be taken as true."  *Mavrix Photo, Inc. v. Brand Techs., Inc.*,
18 647 F.3d 1218, 1223 (9th Cir. 2011) (quotation marks and citation omitted).  However, the court
19 may not assume the truth of allegations that are contradicted by affidavit.  *See Data Disc, Inc.*,
20 557 F.2d at 1284.
21       When there is no applicable federal statute governing personal jurisdiction, federal courts
22 follow the law of the state in which the district court sits.  *Schwarzenegger v. Fred Martin Motor*

---

[2] At the outset, plaintiffs argue defendants failed to meet and confer and requests the court refuse to consider the motion to dismiss.  *See* Opp'n. at 6.  In support, plaintiffs point to an email and declaration purportedly showing defendants' failure to comply.  *See* Opp'n Ex. A, ECF No. 38-1; Michael D. Croddy Decl. ¶¶ 3–4, ECF No. 38-2.  In response, defendants point to the meet and confer certification outlined in the motion to dismiss and include a declaration outlining what occurred during the meet and confer.  *See* Mot. at 2; Reply at 2–3; Corey A. Donaldson Decl.¶¶ 3–4, ECF No. 40-1.  The court exercises its discretion to proceed and address defendants' motion on the merits.

1  *Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *see* Fed. R. Civ. P. 4(k)(1)(A).  There is no applicable federal statute governing personal jurisdiction in this case, so this court applies California law.  California authorizes its courts to exercise jurisdiction "to the full extent permissible under the U.S. Constitution," so the question is whether exercising jurisdiction over PHC, PES LLC and PI comports with due process.  *See Daimler AG v. Bauman,* 571 U.S. 117, 125 (2014); *see also* Cal. Code Civ. Proc. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.").

Due process mandates a nonresident defendant have "certain minimum contacts" with the forum state such that the exercise of personal jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks and citation omitted).  "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citations omitted).  General jurisdiction over a corporation is appropriate only when the corporation's contacts with the forum state "are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG*, 571 U.S. at 127 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

"Specific jurisdiction is very different." *Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017).  For the court to exercise specific jurisdiction, the lawsuit must "aris[e] out of or relat[e] to the defendant's contacts with the *forum*." *Id.* (alteration in original) (emphasis in original) (quotation marks and citations omitted).  In short, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (quotation marks and citation omitted).  "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (quotation marks and citation omitted).

"In opposition to a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*,

539 F.3d 1011, 1015 (9th Cir. 2008) (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Here, plaintiffs discuss general jurisdiction principles, but do not allege this court can exercise general jurisdiction over defendants. *See generally* FAC; Opp'n at 8.[3] Instead, plaintiffs allege defendants are subject to specific jurisdiction. Opp'n at 12. Accordingly, this case turns on whether plaintiffs have sufficiently established specific jurisdiction exists over the defendants.

### III. DISCUSSION

The Ninth Circuit prescribes a three-prong test for analyzing specific jurisdiction claims. First, "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Schwarzenegger*, 374 F.3d at 802 (citation omitted). Second, the claim must arise out of or relate to defendants' forum-related activities. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citation omitted). Finally, the exercise of jurisdiction must be reasonable. *Id.* The plaintiff must satisfy the first two prongs of this test. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1076 (9th Cir. 2011). If the plaintiff meets this burden, then the burden shifts to defendants to "set forth a 'compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)).

The first prong of the specific jurisdiction analysis contains two distinct concepts— "purposeful direction" and "purposeful availment." *See Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1107 (9th Cir. 2020). However, "both purposeful availment and purposeful direction ask whether defendants have voluntarily derived some benefit from their interstate activities such that they 'will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.'" *Id.* (quoting *Burger King*, 471 U.S. at 475). Courts look to the type of claim at issue to determine the appropriate analytical approach. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020). For suits

---

[3] When citing page numbers on filings, the court uses the pagination automatically generated by the CM/ECF system.

5

that "sound in tort," like trademark infringement, the Ninth Circuit directs district courts to use the "purposeful direction" test. *Id.* (quotation marks and citation omitted). To determine whether a defendant "purposeful[ly] directed" its activities toward the forum, courts in turn apply the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984). *See Schwarzenegger*, 374 F.3d at 803. The *Calder* effects test requires that the defendant have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 805 (quotation marks and citation omitted).

Here, plaintiffs allege defendants are subject to specific jurisdiction because "[d]efendants regularly transact business in the State of California, committed tortious acts within and directed to the State of California, and [p]laintiffs' claims arise from those activities." FAC ¶ 15. To support this allegation, plaintiffs point to (1) PES LLC's California contacts uncovered during jurisdictional discovery, *see* Opp'n at 12; (2) defendants' purported trademark infringement and trademark-related conduct, *id.* at 12–13; (3) PI's in-state conduct, *see id.* at 13; and also invoke (4) an agency personal jurisdiction theory, *id.* at 13. However, as explained below, the court finds plaintiffs do not meet their burden in establishing specific jurisdiction.

### 1. PES LLC's California Contacts

Plaintiffs allege PES LLC's contacts with California provide sufficient minimum contacts to satisfy the specific jurisdiction requirements. Specifically, plaintiffs represent that following jurisdictional discovery they found (1) PES LLC operates a website that five California client employees can access and (2) PES LLC has set up a "California payroll and California state tax account for at least one client company." FAC ¶ 32. The court finds these contacts insufficient to establish PES LLC expressly aimed its suit-related conduct toward California.

As the Ninth Circuit has explained, "operating a website in conjunction with something more—conduct directly targeting the forum—is sufficient to satisfy the express aiming prong." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1092 (9th Cir. 2023) ( quotation marks and citation omitted). To establish "something more," plaintiffs must allege either "the defendant [] has a forum-specific focus," the "defendant is specifically appeal[ing] to . . . an audience in a particular state" or the defendant "is actively targeting the forum state." *Briskin v. Shopify, Inc.*,

1   87 F.4th 404, 419–20 (9th Cir. 2023) (alteration in original) (quotation marks and citations
2   omitted).  "This express aiming can be shown in different ways, such as through the subject
3   matter of the website, the defendant's advertising, or other aspects of its business model." *Id.* at
4   420 (citations omitted).

5      Here, PES LLC utilizes the domain name <PinnacleEmployeeServices.com> (the
6   website).  *See* FAC ¶ 48; Eric D. Krouse Decl. ¶ 11, ECF No. 37-2.  Through this website, PES
7   LLC's clients and its clients' employees can access a portal, which "provides customized
8   information and data for each client and their employees relative to the payroll, benefits, human
9   resource[s] and other services PES LLC provides to its clients." Krouse Decl. ¶ 13; *see also* FAC
10  ¶ 31.  Previously, the court found the operation of the website was insufficient to establish
11  purposeful direction.  *See* Prior Order (Apr. 17, 2023) at 7–8.  Given the new facts plaintiffs
12  allege with evidentiary support, the court now examines whether these new facts—specifically
13  the existence of five client employees who can access PES LLC's online portal—establish the
14  requisite "something more."

15     Defendants urge the court to consider *Crouch v. Ruby Corp.*, 639 F. Supp. 3d 1065, 1072
16  (S.D. Cal. 2022), which this court finds persuasive.  There, although defendants provided an
17  online dating service available to individuals in California, where subscribers would pay to
18  communicate with the matches defendants provided, the court determined plaintiffs had failed to
19  allege there was "something more" as required by *Herbal Brands, Inc.*, 72 F. 4th at 1092.  *See*
20  *Crouch*, 639 F. Supp. at 1081.  Specifically, *Crouch* emphasized plaintiff did not allege how
21  defendants targeted California—for example, the plaintiff did not allege "what amount of
22  [d]efendants' business comes from California" or provide "any other information to suggest that
23  California was targeted or exploited, specifically." *Id.* (citing *Mavrix*, 647 F.3d at 1230).

24     Here, as with the defendants in *Crouch*, PES LLC provides a service.  Business entities
25  and other organizations hire PES LLC to handle their employee-related responsibilities.  *See*
26  Krouse Decl. ¶ 8. Additionally, as with the defendants in *Crouch*, PES LLC "does not send
27  marketing materials to or advertise in California." *Id.* ¶ 17.  While plaintiffs state five client
28  employees who reside in California can access the PES LLC portal, defendants argue these

7

connections are "random, fortuitous and attenuated." Mem. at 9, ECF No. 37-1. "While 'a single act can support jurisdiction,' the act must first 'create[ ] a "substantial connection" with the forum.'" *Axiom Foods*, 874 F.3d at 1068 (quoting *Burger King*, 471 U.S. at 475 n.18). In other words, "some single or occasional acts related to the forum may not be sufficient to establish jurisdiction if their nature and quality and the circumstances of their commission create only an attenuated affiliation with the forum." *Burger King*, 471 U.S. at 475 n.18 (quotations marks and citations omitted).

Here, defendants provide information that only two California residents logged into PES LLC's portal on three separate occasions. Krouse Decl. ¶ 16. These California residents were employees who worked for PES LLC's clients. *Id.* ¶ 9. None of PES LLC's actual clients are California based businesses. *Id.* Further, PES LLC has "approximately 150 business clients, each of which have approximately anywhere from one to one-thousand employees." *Id.* ¶ 17 (emphasis omitted). Of all these employees, only five have resided in California. *Id.* These occasional acts by such attenuated contacts are insufficient to create the requisite "substantial connection" with California. Accordingly, the court finds these contacts do not establish the "something more" needed to show PES LLC directly aimed its conduct toward California.

Finally, the court finds in this context that sending payroll into California and dealing with tax withholding for one client company is also not sufficient. Defendants argue "[t]hough it may have sent payroll into California and dealt with tax withholding . . . that conduct was merely a product of non-clients happening to live in California, unrelated to PES, LLC or its business activities." Mem. at 10. The court also agrees setting up payroll and tax withholding for one client's employees in this context is an attenuated connection insufficient to establish purposeful direction, even if setting up payroll and a tax account for a client is related to PES LLC's business activities. *See* Krouse Decl. at ¶ 8 (explaining PES LLC provides "its clients services such as employee administration . . . [and] payroll").

Accordingly, this court concludes plaintiffs' allegations regarding PES LLC's connections to California are too attenuated and do not demonstrate PES LLC expressly aimed its conduct toward California.

### 2. Intentional Trademark Infringement

Plaintiffs also point to defendants' purported trademark infringement and trademark-related conduct as actions sufficient to establish specific jurisdiction. *See* Opp'n at 12–13. However, this argument appears to refashion plaintiffs' prior argument, without success. *See* Prior Order (Apr. 17, 2023) at 6–7 (finding plaintiffs claim that PHC intentionally infringed the trademark, while knowing plaintiffs were California residents, cannot establish personal jurisdiction or satisfy the expressly aiming prong).

Here, plaintiffs allege they "notified PHC of the infringement and unlawful use of the Pinnacle Trademark and the Domain Name on numerous occasions." FAC ¶ 60. However, as discussed previously, following the Supreme Court's decision in *Walden v. Fiore*, defendants' knowledge of plaintiffs' strong contacts with the forum does not "drive the jurisdictional analysis." 571 U.S. at 289–90; Prior Order (Apr. 17, 2023) at 6–7. Instead, the jurisdictional inquiry focuses on defendants' own contacts with the forum. Accordingly, the court finds plaintiffs' focus on defendants' alleged trademark infringement is not sufficient to confer specific jurisdiction.

### 3. PI's In-State Conduct

Plaintiffs also point to a series of contacts PI has with California to support the allegation there is sufficient in-state conduct to establish this court's jurisdiction. *See* FAC ¶¶ 20–28; Opp'n at 13. Specifically, plaintiffs point to g, *inter alia*, PI's California brokerage license, its brokers and investment advisors licensed in California, and its physical branch office located in California. *See* FAC ¶¶ 20–28. However, as defendants point out, none of these contacts arise out of or relate to plaintiffs' trademark infringement claims. *See* Mem. at 14–15.

For specific jurisdiction to exist over PI, plaintiffs' claim must "arise[] out of or relate[] to the defendant's forum-related activities." *Axiom Foods*, 874 F.3d at 1068 (quoting *Dole Food Co. Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "When no such connection exists, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co.*, 582 U.S. at 1776. The Ninth Circuit employs a "but for test" to determine whether the plaintiff's claims arise out of or relate to the defendants' conduct.

1  *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).  "This requirement is met if, but for a defendant's forum-related activities through which a defendant purposely avails itself of the forum, the plaintiff would not have suffered injury." *Long v. Authentic Athletix LLC*, 2016 U.S. Dist. LEXIS 142729 at *6 (N.D. Cal. Oct. 14, 2016) (quotation marks and citations omitted)).

Here, but for PI's California related activities, plaintiffs would still have been harmed by trademark infringement.  Plaintiffs allege defendants infringed on "the Pinnacle Trademark, consisting of the phrase 'Pinnacle Employee Services'"—not Pinnacle Investments.  *See* FAC ¶ 37.  Accordingly, this court finds allegations of PI's business activities in California are insufficient to establish personal jurisdiction over it for purposes of this trademark infringement action.

### 4. Agency Theory of Personal Jurisdiction

Lastly, the court finds plaintiffs do not allege any sufficient connections between PHC and California and instead rely on imputing PHC's subsidiaries' contacts to maintain personal jurisdiction.[4]  *See* Opp'n at 11; *see generally* FAC.  However, because this court finds neither PES LLC's nor PI's contacts with California are sufficient to establish personal jurisdiction, the court finds no need to assess the viability of plaintiffs' agency theory.  Accordingly, the court finds it cannot exercise jurisdiction over PHC.

In sum, because defendants do not have sufficient minimum contacts with California, this court cannot exercise personal jurisdiction over PHC, PES LLC or PI.

## IV. CONCLUSION

For the reasons above, the court **grants defendants' motion to dismiss**.  Plaintiff's complaint is hereby dismissed without prejudice and without leave to amend.  *See Grigsby v. CMI Corp.*, 765 F.2d 1369, 1372 n.5 (9th Cir. 1985) (dismissals for lack of personal jurisdiction are to be without prejudice).  The Clerk of Court is directed to **close** the case.  Plaintiffs' counsel's

/////

---

[4] Plaintiffs do allege PHC's Chief Operative Officer has been actively licensed in California as a broker through PI since September 10, 2007.  *See* FAC ¶ 23.  However, as discussed above, California related activities under the name "Pinnacle Investments" do not cause plaintiffs harm and are insufficient for purposes of the instant personal jurisdiction analysis.

motion to withdraw is moot given the court's dismissal of this action.  The **motion to withdraw is denied** for that reason.

This order resolves ECF Nos. 37 and 39.

IT IS SO ORDERED.

DATED:  January 31, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE